## JOHN NORRIS *vs.* ARCHIBALD GRAHAM.

*Statute of Frauds—Guaranty—Variance between the Allegata and Probata.*

The plaintiff declared for a sum of money due for wood furnished a third party "on the credit and guaranty of the defendant," and by his proof rested his right to recover upon a parol contract. HELD:

That to entitle the plaintiff to recover, it was necessary to show that credit was given solely and exclusively to the defendant. If any credit were given to the third party, the undertaking on the part of the defendant was collateral, and being in parol, was void under the Statute of Frauds.

If in an action brought to recover money alleged to be due for wood furnished a third party "on the credit and guaranty of the defendant," the evidence shows that the defendant contracted with and purchased the wood from the plaintiff, and was to pay for it, there is a variance between the *allegata* and *probata*, and the plaintiff cannot recover.

APPEAL from the Circuit Court for Frederick County.

This was a proceeding by attachment on warrant, instituted on the 14th of January, 1868, by the appellee against the appellant, a non-resident. The short note stated that the suit was "instituted to recover the sum of $225, due and owing from the defendant to the plaintiff for forty-five cords of wood, furnished a certain Joel R. Bollinger, on the credit and guaranty of the defendant." The defendant pleaded that he never was indebted and never promised as alleged; and that the goods, &c. furnished, as alleged in the plaintiff's declaration, to Joel R. Bollinger, never were furnished on the guaranty and credit of the defendant. Issue was joined on these pleas.

*Exception.*—The plaintiff asked the following instruction, which was given:

1st. If the jury shall find from the evidence that the wood in question was furnished to Joel R. Bollinger on the credit and responsibility of the defendant, then the verdict must be for the plaintiff.

2nd. That if the jury shall find from the evidence in the cause, that the wood in question was furnished to Joel R. Bollinger, on the credit and responsibility of the defendant, then the defendant is liable, although the plaintiff, after the wood was so furnished, may have asked Bollinger or others to pay for it, and they did not pay him, and he did not release the defendant.

The defendant offered four prayers, the first and fourth of which, the Court granted, but refused the second and third which are as follows :

2nd. That if the jury should find from all the evidence, that the plaintiff delivered the wood to Bollinger, and that the defendant said to the plaintiff that if Bollinger did not pay him, he, the defendant would, or that he, the defendant, would see him paid, that then the plaintiff is not entitled to recover, such undertaking being a collateral and not an original undertaking, unless they shall find that the said undertaking was in writing.

3d. That under the pleadings in this cause, should the jury find from all the evidence that the defendant contracted with and purchased from the plaintiff the wood in question, and was to pay the plaintiff for the same, that then the verdict must be for the defendant, as the only claim set up in the pleadings is on a guarantee.

To the granting of the plaintiff's prayers and the rejection of the second and third prayers of the defendant, he excepted, and the verdict and judgment being against him, he appealed.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, MAULSBY, MILLER, ALVEY and ROBINSON, J.

*F. J. Nelson* and *W. B. Nelson,* for the appellant.

*John Ritchie,* for the appellee.

BRENT, J., delivered the opinion of the Court.

In this case the appellee, who was plaintiff below, instituted proceedings in attachment to recover from the appellant the value of forty-five cords of wood furnished to a third party. At the trial of the short note case, the plaintiff, after the testimony was closed, offered two prayers,—both of which were granted by the Court,—and the defendant four—the first and fourth of which were granted, and the second and third refused. To this action of the Court the defendant excepted, and the questions presented on this appeal arise upon the instructions granted on behalf of the plaintiff, and the rejection of the second and third prayers of the defendant.

The Court, in granting the first prayer of the plaintiff, directed the jury "that if they find from the evidence that the wood in question was furnished to Joel R. Bollinger on the credit and responsibility of the defendant, then the verdict must be for the plaintiff." This instruction is manifestly erroneous. The plaintiff by his proof vested his right to recover upon a parol contract, and he could only succeed by showing that credit was given solely and exclusively to the defendant. If any credit was given to Bollinger, the undertaking on the part of the defendant was collateral, and being in parol, was void under the Statute of Frauds. While there is testimony in the case to establish an original undertaking by the defendant on his sole and exclusive credit, there is also testimony from which it might have been inferred that some credit was given to Bollinger, and that the responsibility of the defendant was only collateral. The credit and responsibility of a party may attach as well to his liability as security, as to his sole undertaking. When, therefore, the general term "credit and responsibility" is used, it may include a collateral as well as an original and exclusive liability. The instruction before us was calculated in this respect to mislead the jury, and ought not to have been granted. It should have directed them that the finding of a special and exclusive credit was necessary to entitle the plaintiff to recover, and not have

Norris *vs.* Graham.

been so general, as to open the door to a verdict which might have been against the law of the case.

The same fatal objection is found in the plaintiff's second prayer, and for the reason just assigned it also was improperly granted. In other respects it is without objection. If the defendant was originally liable, his liability was not released by the act of the plaintiff in calling upon Bollinger or any other person for payment. *Elder vs. Warfield,* 7 *H. & J.,* 398.

The second prayer of the defendant presents only an abstract question, and could in no manner have affected the decision of this case. There was no testimony to support it, and it was therefore properly rejected.

The third prayer of the defendant, upon the pleadings and evidence in the case, ought to have been granted. There is clearly a variance between the *allegata* and *probata*. The plaintiff declares for a sum of money due for wood furnished a third party on the " credit and guaranty of the defendant." These words plainly import a collateral undertaking, which is denied by the plea of the defendant, and which can only be evidenced by some contract in writing. The parol contract, sought to be established by the proof offered, is entirely different from the one alleged in the pleadings, and cannot be held as sufficient to authorize a recovery in an action charging the defendant as guarantor.

For these errors, in granting the prayers of the plaintiff and rejecting the third prayer of the defendant, the judgment of the Court below will be reversed.

As the record shows the plaintiff may recover against the defendant by a proper amendment of his short note—*Neptune Ins. Co. vs. Mundell,* 8 *Gill,* 232—the case will be remanded for a new trial.

> *Judgment reversed,*
> *and new trial awarded.*

(Decided 29th June, 1870.)