STATE OF MARYLAND, use of EDWARD HARVEY *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY.

*Prayers and Instructions—Practice—Province of Court and Jury—Contributory negligence—Removal of Causes—Art. 5, sec. 17, of the Code.*

If, at the close of the plaintiff's evidence, the defendant thinks that such evidence is not legally sufficient to support the action, he has the right to ask and have the ruling of the Court upon it.

State, use of Harvey *vs.* Balto. & Ohio R. R. Co.

In such case there is nothing before the Court except the plaintiff's testimony. But if the whole evidence, both of plaintiff and defendant, is in before such instruction is asked for, the whole evidence must be considered by the Court, and not that of the plaintiff only.

When after the whole evidence is before the Court, an instruction is asked that takes the case away from the jury, before such instruction is either granted or refused, the whole evidence must be considered by the Court, and the ruling based upon that, and not confined to the evidence of the plaintiff.

But the error of the Court in granting such a prayer on a consideration of the plaintiff's proof only, will not authorize a reversal of the judgment, if it appears that upon the whole proof the plaintiff was not entitled to a verdict.

Where the facts are undisputed, or where but one reasonable inference can be drawn from them, the question of negligence is one of law for the Court. But where the facts are left in dispute by the evidence, or fair minds might draw different conclusions from them, the case should go to the jury.

Whether or not the attempt to cross a railroad track in front of a moving engine is negligence, will depend upon the rate of speed of the engine, and the condition of the person making the attempt.

Where a person in attempting to cross a railroad track about twenty feet in front of a slowly moving engine, fell and was injured, such fall was a risk she voluntarily assumed in so attempting to cross the track, and the railroad company cannot be held responsible for its result, there being no surrounding circumstances to show that such person was placed in a position of peril by the act of the company.

If a person before going on a railroad track, sees an approaching train, he does not require any signal of its approach, and cannot complain of the absence of such signals.

Although a person may unlawfully or recklessly be upon a railroad, and by his own voluntary act be placed in a position of peril, still it is the imperative duty of the engineer, or person in charge of the moving engine, as soon as the dangerous position is discovered, to use all reasonable efforts to prevent an accident.

The constitutional right of removal having been once exercised by a party, that right is exhausted so far as such party is concerned;

and section 17, of Article 5 of the Code, (providing for the removal of a cause on the reversal of the judgment therein by the Court of Appeals, to some other Court than that in which the judgment was rendered) has no application to such case.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.   Section 17 of Article 5 of the Code referred to in the opinion provides that, "when on the reversal of a judgment, a writ of procedendo shall be awarded, the Court of Appeals, upon suggestion in writing by either of the parties, supported by affidavits or other proper evidence that a fair and impartial trial cannot be had in the Court where the judgment so reversed shall have been rendered, shall direct their clerk to transmit a copy of the record to the clerk of the Court of some other county or city, with a writ of procedendo to such Court, directing them to proceed in such action, and to a new trial thereof, in the same manner as if no trial had taken place, and as if such action had been originally instituted in such Court."

*Exception.*—After the evidence on both sides was concluded the defendant offered the following prayer:

The plaintiff is not entitled to recover in this action, and the verdict of the jury must be for the defendant, because the evidence of the plaintiff shows the negligence of the deceased, Martha Harvey, directly contributed to the accident that caused her death, by attempting to cross the tracks in front of a moving engine thereon.

And the plaintiff offered the following as a modification of the defendant's prayer, in case it should be granted:

But if the jury should find that at the point in question eight tracks cross Hamburg street, and that at the time the said Martha started to cross from the southeast corner, the said engine was either moving north

towards Henrietta street, or was standing still at a point about forty feet north of the north side of Hamburg street, and from ninety to one hundred feet north of the line or direction in which she started to cross, and that after having got nearly two-thirds of the way over, and having crossed five of the eight tracks, and being then on the sixth or south main track, and the track on which all the southern and western trains of defendant approach the city; and shall further find that said sixth track was not distant more than four or five feet from the track on which she was killed, and that said engine was moving slowly, and that said Martha was about sixty years of age, of good health and strength, good sight and hearing, and active and swift of foot; and shall further find that while she was so situated, and without any signal or warning that the engine was about to move southward, the said engine suddenly started and moved in her direction, then, even though the jury should find that at that moment she started to run ahead, and was not more than twelve feet in front of said engine when she started across the seventh track, such fact alone and of itself would not preclude the plaintiff from recovering, unless the jury find that in so acting, she acted in a manner in which persons of ordinary care and prudence would not have acted under similar circumstances.

The Court (YELLOTT, J.,) granted the defendant's prayer, and refused to grant the plaintiff's modification thereto; and in the consideration of defendant's prayer, refused to consider any evidence brought out through defendant's witnesses which was favorable to the plaintiff's case. The plaintiff excepted, and the verdict and judgment being against it, appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

State, use of Harvey *vs.* Balto. & Ohio R. R. Co.

*Albert Ritchie,* for the appellant.

*W. Irvine Cross,* for the appellee.

STONE, J., delivered the opinion of the Court.

This is an action against the Baltimore and Ohio Railroad Company for negligence in causing the death of the wife of the equitable plaintiff. After all the testimony had been given the Court instructed the jury that the plaintiff was not entitled to recover because the *evidence of the plaintiff* showed that the deceased directly contributed to the accident that caused her death. The Court refused a modification of this prayer offered by the plaintiff, and also, as the exception states, refused to consider while acting on said prayer, any evidence favorable to plaintiff elicited through defendant's witnesses. In this we think the Court below erred.

At the close of the plaintiff's evidence, if the defendant thinks that the evidence of the plaintiff is not legally sufficient to support the action, he has the right to ask and have the ruling of the Court upon it. In such case there is nothing before the Court except the plaintiff's testimony. But if the whole evidence, both of plaintiff and defendant, is in before such instruction is asked for, the *whole evidence* must be considered by the Court, and not that of the plaintiff only. The reason of this is obvious. The evidence offered by the defendant may, and often does, supply a defect in the proof of the plaintiff. When, therefore, an instruction is asked that takes the case away from the jury, after the *whole* evidence is before the Court, before such instruction is either granted or refused, the *whole evidence* must be considered by the Court, and the ruling based upon that, and not confined to the evidence of plaintiff.

But while the Court below was in error in granting the prayers, confining, as it did, its consideration to

plaintiff's proof only, such error will not authorize a reversal of the judgment if it appears that upon the whole proof the plaintiff was not entitled to a verdict.

Before then we can determine whether this case shall be sent back for a new trial, we must examine the proof and see whether there is enough in it to authorize its submission to a jury. Before we can do this we must take all the evidence favorable to the plaintiff and assume its absolute verity.

Where the facts are undisputed, or *where but one reasonable* inference can be drawn from them, the question is one of law for the Court; but where the facts are left by the evidence in dispute, or where fair minds might draw different conclusions from them, the case should go to the jury. *Thompson on Negligence*, 1179.

There is no other question presented to us by the exception, but the question of whether this case should be left to the jury or not, and to determine that we must be governed by the aforegoing rule, or as it is said in *Balto. & Ohio Railroad vs. Fitzpatrick*, 35 *Md.*, 32, there must be some prominent and decisive act in regard to the character of which there is no room left for ordinary minds to differ, before the Court will hold it to be a question of law for the Court, and withhold the case from the jury.

Mrs. Harvey, the wife of the equitable plaintiff, was killed by an engine of the defendant while she was crossing Ohio Avenue in Baltimore City. She attempted to cross that avenue in *full view* of an engine moving toward her and stumbled, and fell upon the track, and the engine ran over her while she was down.

We have said in the case of *Baltimore and Ohio R. R. Co. vs. Mali*, 66 *Md.*, 53, that a person who attempts to cross a railroad track in view of an engine moving toward him, and not more than twelve feet from him, *was guilty* of contributory negligence as a matter of law.

State, use of Harvey *vs.* Balto. & Ohio R. R. Co.

While that was the distance from the engine that the plaintiff *in that case* attempted to pass, and therefore was applicable to that case, it is evident that no *inflexible* rule can be laid down as to the distance before a moving train, within which it is safe to attempt a crossing. It will depend upon the rate of speed at which the train is moving, and the condition of the person. Each case therefore must measurably depend upon its own peculiar facts.

It might be clearly negligent in a *cripple* to attempt to cross a track five hundred feet before an express train moving at the rate of forty miles an hour, but not so in an active person attempting the same thing one hundred feet before a yard engine moving four miles an hour.

There are some contingencies always liable to occur to persons attempting to cross a railroad in front of a moving train. One of these is the possibility of an increase in the rate of speed of the train, and another is the liability of the person to stumble or fall. The road in the prosecution of its legitimate business has the right to slacken or increase its speed, and may do so at any moment. The liability of a stumble and fall is sadly illustrated in this case. No such crossing should be attempted unless some allowance is made for these contingencies.

The evidence for the plaintiff is principally the evidence of Ada Cummings, a young girl of about eleven years of age, and a colored man, Bailey, and is not very lucid. Taking the view most favorable to the plaintiff as disclosed by their testimony, and this we are bound to do, we cannot find that the engine was more than twenty feet from Mrs. Harvey when she started to cross the track. The *rate of speed of the engine is not given*, but the witnesses say it was moving slowly. If it was going at the rate of five miles an hour, it would have passed

State, use of Harvey *vs.* Balto. & Ohio R. R. Co.

over that space in rather less than three seconds of time.

Mrs. Harvey's death was the result of her fall. Her fall was not owing to the negligence of the road. It was a risk she voluntarily assumed in attempting to cross the track, and the road cannot be held responsible for its result.

There were no surrounding circumstances that showed she was placed in a position of peril by the act of the road. It is true she was upon a network of tracks, but no train or engine was moving towards her except the one by which she was killed. She said she was in a hurry to get home, and when she saw the engine she quickened her pace, in order to get ahead of it.

Something has been said in the argument, and disclosed in the testimony, as to the failure of the engineer to ring the bell, or the flagman to give notice, and also the failure to have a man in front of the engine as required by the old ordinance of the city.

It is enough to say, that the only object of notice by bell, &c., is to give the person crossing notice of the approaching train. If he, however, *sees* the approaching train he has all the notice that such signals could give him, and has no right, with his eyes open, to run into danger, with or without such signals.

It has been urged in argument that Mrs. Harvey was placed in peril by the act or negligence of the defendant in having the gates across the street open. Whether that was so or not was a question of fact, to be determined by the Court or jury upon all the testimony offered on that point. The decisive and controlling fact in the case, however, was the voluntary attempt of the deceased to cross the track in full view of a moving engine, and so near to it that no person of ordinary prudence would have made the attempt.

But while we said in the *Mali Case* that the ordinance requiring a man in front of the engine was practically

obsolete, we also said that it was the duty of the road to take every reasonable precaution to prevent loss of life or property in crossing the streets of the city. Notwithstanding then that Mrs. Harvey voluntarily placed herself in the position that she did, and that the road cannot be held liable for that, yet it was the duty of the engineer in charge, *after the discovery of the danger of Mrs. Harvey,* to have used all reasonable efforts to avert it. The record is comparatively silent on this question. As it is possible that it might arise, and as there was no opportunity, under the instruction given by the Court in the former trial, to raise it, we will remand the case for a new trial.

The law is too well established to need the citation of authorities to show, that although a person may unlawfully, or recklessly be upon a railroad, and by his own voluntary act be placed in a position of peril, still it is the imperative duty of the engineer, or person in charge, *as soon as the dangerous position is discovered,* to use all reasonable efforts to prevent an accident. The complete exoneration of the defendant then depends upon these two propositions, first, that the deceased was guilty of contributory negligence in being upon the track, and secondly, that as soon as her danger *was discovered* every reasonable effort was made to avert it.

The instruction granted entirely ignored the latter proposition, and is for that reason also defective.

*Judgment reversed, and*
*new trial awarded.*

(Decided 14th June, 1888.)

Subsequently the appellee, the defendant below, filed a suggestion, that it could not have a fair trial in the Circuit Court for Baltimore County, from which the appeal came, and prayed that a certified copy of the

opinion and judgment of this Court might be sent to the clerk of the Court of some other county. On this application the following opinion was delivered:

*Per curiam.*—In this case, it appearing from the record that the right of removal has been once exercised by the defendant, the application to have the opinion and judgment of reversal transmitted to some other Court than that from which the appeal was taken, must be refused. The constitutional right of removal having been once exercised by a party, that right is exhausted, so far as that party is concerned; and section 17 of Art. 5 of the Code has no application to such case. The motion filed in this case by the defendant must therefore be overruled.

(Filed 22nd June, 1888.)