# LUCRETIA NORRIS *vs.*' CONNECTICUT FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT.

*Fire insurance policies; provisions against "unoccupied" dwellings. Exception to evidence; when erroneous rulings no ground for reversal. Prayers taking case from jury.*

Rulings of the trial Court upon exceptions to evidence present no reversible error if they did not prejudice the exceptant's case.                                         p. 177

In a stipulation in a fire insurance policy against a dwelling house being vacant and unoccupied, the word "unoccupied" signifies not used as a residence, and consequently a tenement becomes unoccupied when it is no longer used for the accustomed and ordinary purpose of a dwelling and place of abode; it is not a mere casual or occasional sleeping in a house that constitutes an occupancy of it; the element of fixed abode is an esesntial ingredient of any concept of occupancy when applied to a dwelling house.                       p. 178

"A." vacated and removed from a dwelling house with her family and remained absent longer than the time provided in the policy of insurance during which the house should not remain vacant and unoccupied. During that time the household effects were removed to another house, and the husband alone occasionally visited the house. It was *held,* that this did not

constitute occupancy of the insured house as a dwelling within
the meaning of the policy.                    pp. 179-180

A prayer of a defendant asking that the case be taken from
the jury in the form, that "it appears by the plaintiff's own
testimony", without referring to all the testimony in the case,
is open to criticism, but such error or informality is not suffi-
cient for reversal where it appears from the whole proof that
the plaintiff was not entitled to recover.                    p. 180

*Decided April 4th, 1911.*

Appeal from the Baltimore City Court (ELLIOTT, J.).

The cause was argued before BRISCOE, PEARCE,
SCHMUCKER, PATTISON and URNER, JJ.

*Robert W. Mobray* and *James M. Munroe* (with whom was
*Michael P. Kehoe,* on the brief), for the appellant.

*W. Calvin Chesnut* (with whom were *Gans & Haman,* on
the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The suit in this case was instituted by the appellant against
the appellee in the Baltimore City Court on a contract of
insurance against loss or damage by fire.

The policy of insurance is dated June 1st, 1909, and was
issued by the appellee to the appellant, to indemnify the
latter for a period of one year against loss or damage by fire
to an amount not exceeding seventeen hundred dollars on a
two-story dwelling house, and additions thereto, occupied as
a dwelling house, and situate on the north side of Deep Creek
near Churchton, in the Eighth district of Anne Arundel
County, Md.

The policy also covered any loss by fire, on the household
furniture and other articles, situate therein, to an amount
not exceeding three hundred dollars.

The duration of the policy was for the term of one year, from its date—that is, it was in force and covered any loss by fire prior to the first day of June, 1910.

It is averred in the declaration that on the 7th day of July, 1909, and while the policy was in force the dwelling house and the personal property covered by the policy were totally destroyed by fire, and that the loss and damage sustained by the plaintiff on the dwelling house was $2,629.00, and that on the furniture and other articles the sum of $301.00.

The policy of insurance is what is known as a fire insurance policy of the New York standard form, and contains the following stipulation against vacancy or unoccupancy: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days."

At the trial of the case, the defendant relied upon three special defenses in its pleas to the suit, but as the verdict was directed by the Court below, upon the defendant's third plea to the seventh count of the plaintiff's declaration, to wit, the defense of vacancy and unoccupancy of the dwelling house, at the date of the fire, and the other pleas not being insisted upon here, it will only be necessary for us to consider this defense upon the third plea. This plea is as follows, the defendant says that the policy of insurance sued on in this case contained a condition as follows:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the building here described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days."

And the defendant says that the building described in the policy of insurance mentioned in the plaintiff's declaration was a dwelling house which became vacant or unoccupied and so remained, for more than ten days prior to its destruc-

tion by fire, and said building was vacant or unoccupied at the time of its destruction by fire; whereby the whole policy was rendered void, there being no provision to the contrary by agreement endorsed on or added to the policy.

The record shows, that during the progress of the trial, the plaintiff noted three exceptions, two to the rulings of the Court upon the evidence and one to the granting of the defendant's prayer, at the conclusion of the testimony withdrawing the case from the jury and instructing a verdict for the defendant.

The rulings of the Court upon the first and second exceptions, upon the evidence, in the view we take of the case, are unimportant because even if erroneous, they did not prejudice the plaintiff's case. There is no reversible error on these exceptions. *Bowman* v. *Little,* 101 Md. 296.

The substantial question and the only important one presented by the record, is whether under the pleadings and evidence, the jury were properly instructed, in accordance with the well settled principles of law applicable to this character of case, and whether it was error in the Court to have withdrawn the case from the jury, by granting the defendant's prayer.

The instruction is somewhat unusual and is as follows: "At the request of the defendant, the Court instructs the jury as follows: It appears by the plaintiff's own testimony,"

1. That the policy sued on contained a condition as follows: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days."

2. That the dwelling house insured under the policy was vacant or unoccupied within the meaning and proper construction of said phrase as contained in said policy, at the time of the fire of July 6th, 1909, and said house had been and remained so vacant or unoccupied for more than ten days prior to said fire.

3. That the defendant did not consent to said unoccupancy of said building by agreement endorsed on or added to the policy, or otherwise.

4. That the policy sued on is an entire contract, which was made void as a whole by the unoccupancy of the dwelling house for more than ten days, and, therefore, under the pleadings the verdict of the jury must be for the defendant.

There can be no difficulty, as to the principles of law involved on this appeal and we do not understand that they are contested.

The effect of the stipulation clause as to the vacancy and unoccupancy of a dwelling house, contained in a policy of fire insurance, like the one in this case, has been considered and announced by this Court, and in other jurisdictions. In *Agricultural Co.* v. *Hamilton,* 82 Md. 88, it was said: "Obviously the word 'unoccupied,' as applied to a dwelling house in a fire insurance policy, signifies not used as a residence, and consequently a designated tenement becomes unoccupied when it is no longer used for the accustomed and ordinary purposes of a dwelling or place of abode. Hence, no matter what other use it may be devoted to, so long as it ceases to be a place of actual abode—a place really occupied as a residence or habitation—it is vacant or unoccupied according to the plain import of those words, and according, too, to the sense in which they are manifestly employed in the contract of insurance. It is not a mere casual or occasional sleeping in a house that constitutes an occupancy of it. The element of a fixed abode is an essential ingredient of every concept of occupancy when applied to a dwelling house; and the term 'unoccupied' in employed to express the directly opposite condition.

In *Sleeper* v. *Insurance Co.,* 56 N. H. 401, it was held, when the occupant of a dwelling house moves out with his family, taking part of his furniture and all the wearing apparel of the family and makes the place of his abode in another town, although he may have an intention of returning in eight or ten months, such dwelling house while thus

deserted must be regarded as unoccupied; that is, vacated, according to the natural and ordinarily received import of those terms. It is the particular situation against the hazard of which the defendants undertook to guard themselves by an express stipulation and condition inserted in the contract upon which the action is founded."

In *Bonenfant* v. *Insurance Co.,* 76 Mich. 653, it was said: "Occupancy implies an actual use of a house as a dwelling place. The insurer had a right, by the terms of the policy, to the care and supervision which was involved in such occupancy."

And to the same effect are the analogous cases of *Western Assurance* v. *McPike,* 62 Miss. 743; *Bowman* v. *Franklin Ins. Co.,* 40 Md. 632; *Knowlton* v. *Patrons Fire Insurance Company,* 2 L. R. A. N. S. 517, and cases there considered.

In this case, the dwelling house at the time of the issuance of the policy, was described as occupied by the owner as a dwelling and the effect of its vacancy and unoccupancy under the evidence in the case for ten days or more before the fire was to forfeit and avoid it, according to the express terms and language of the policy itself.

There was no provision or agreement by the Insurance Company endorsed on the policy or added thereto as required, permitting a vacancy or unoccupancy of the building, and it is undisputed, that the house was unoccupied at the time of the fire.

It appears distinctly from the uncontradicted evidence, that the insured vacated and removed from the dwelling house with her family on June 18th and did not return to the county until July 6th, 1909, a period of more than ten days, from the date of the fire. A house was rented in Baltimore City, and a portion, if not all of the furniture and household effects were removed from the county to the city. They purchased new and additional furniture, and placed it in their home in Baltimore City. The family continued to reside there with the exception of the husband, who paid occasional visits to the county, and when the insured returned

to the county, she did not occupy the dwelling, but remained with her mother in the neighborhood.

Conceding then the truth of the whole testimony upon the part of the plaintiff in this case, it would not, we think, constitute an occupancy of the insured house as a dwelling, within the meaning and terms of the stipulation contained in the policy, and the Court below therefore committed no error, in so declaring, in the defendant's granted prayer.

While the form of the defendant's prayer, in the expression, that "it appears by the plaintiff's own testimony," without referring to all the testimony of the case, both the plaintiff and defendant, may be open to criticism, such error or informality would not we think, be a proper ground for a reversal, because it appears upon the whole proof, the plaintiff was not entitled to recover.

In *State* v. *B. & O. R. R. Co.,* 69 Md. 339, this Court said: but while the Court below was in error in granting the prayers, confining, as it did, its consideration to plaintiff's proof only, such error will not authorize a reversal of the judgment, if it appears that upon the whole proof the plaintiff was not entitled to a verdict. *Newbold* v. *Bradstreet,* 57 Md. 38; *Bowman* v. *Little,* 101 Md. 273.

There was no evidence offered here by the defendant which would in any way aid the plaintiff's case on the question of the occupancy of the dwelling house, or supply a defect in the plaintiff's proof. The plaintiff's testimony upon this point was not contradicted by the other evidence in the case.

The case of *Pa. R. R. Co.* v. *Cecil,* 111 Md. 288, and the cases there referred to are unlike this case. The Court was there dealing with rejected prayers and there was evidence on the part of the defendant tending to prove the plaintiff's case.

While we do not approve of the form of the prayer in this case, we think, however, as it appears from the whole proof in the record, that the plaintiff was not entitled to recover, the case was properly withdrawn from the jury.

The cases on this question and on the proper form, in practice, of a prayer, when an instruction is asked from the Court at the conclusion of all the testimony that takes the case from the consideration of the jury are very numerous, and they need not be further discussed here. *Mutual Life* v. *Mullan,* 107 Md. 463; *State* v. *B. & O. R. R. Co.,* 69 Md. 339; *Consolidated Ry. Co.* v. *Pierce,* 89 Md. 504; *Pa. R. R. Co.* v. *Cecil,* 111 Md. 288; *Scheffenacker* v. *Hoopes,* 113 Md.

Finding no reversible error in the rulings of the Court, the judgment will be affirmed.

*Judgment affirmed, with costs.*