# THE AUBURN SHALE BRICK COMPANY, a Body Corporate,

## *vs.*

# THE COWAN BUILDING COMPANY, a Body Corporate.

*Prayers: taking case from jury; too general; when ground for reversal without new trial. Conflicting evidence: for jury. Guarantees: for debt of another; when to sub-serve own interest. Contracts partly in parol: for jury.*

A prayer for the Court to "instruct the jury that, under the pleadings and evidence in the case, the plaintiff can not recover, and their verdict must be for the defendant," is too general, and indefinite, and submits no proposition of law, and should be refused. p. 225

But, in such cases, if upon the whole proof there should appear to be no evidence legally sufficient to enable the plaintiff to recover, the case may be reversed, without granting a new trial. p. 227

Where the declaration was in proper form and its counts sufficient to allow a recovery, if the plaintiff could sustain his theory of the case, such a prayer can not be considered an attack on the legal sufficiency of the declaration. p. 225

Where the evidence in a case is conflicting, it is for the determination of the jury, upon proper instructions. p. 228

Where there is no exception to the admissibility of evidence, and no prayer raising the question of a variance between the pleadings and the evidence, a prayer of this character is too gen-

eral to raise the question of variance between the *allegata* and *probata*.                                                        p. 225

Where a contract is partly in writing and partly in parol, it is a question for the jury, and not for the Court, to determine what was the contract between the parties.                   p. 226

A contract to answer for the debt of another is not within the provisions of the Statute of Frauds, if the real purpose of the defendant was to subserve some purpose of his own.    p. 227

*Decided February 10th, 1915.*

Appeal from the Court of Common Pleas of Baltimore City.  (DOBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*R. Lee Slingluff* (with whom were *Chas. E. Cockey* and *James E. Phillips* on the brief), for the appellant.

*James Piper* and *J. Bannister Hall, Jr.* (with a brief by *Carey, Piper & Hall*), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

At the conclusion of the testimony, on both sides in this case, the Court below granted at the instance of the defendant the following prayer: The defendant prays the Court to instruct the jury that under the pleadings and evidence in this case the plaintiff cannot recover and their verdict must be for the defendant.

The questions for our consideration are presented in the case upon a single exception, and that is to the action of the Court in granting the defendant's prayer, withdrawing the case from the jury and directing a verdict for the defendant.

By a stipulation of counsel, filed herein on the 11th of November, 1914, correcting the Record, it is agreed that a judgment on the verdict, in favor of the defendant, was entered by the Court on the 15th of June, 1914.

From the judgment so entered, the plaintiff has appealed.

It will be seen, that the suit was in assumpsit and the declaration contained the common counts, in such actions. The defendant pleaded the general issue pleas, and the case was tried upon issue joined on these pleas.

The cause of action as set out in the statement of account and bill of particulars filed in the case, shows the plaintiff's claim to be, for a certain number of face bricks, "manufactured, bargained, sold and provided by the plaintiff for the defendant during the month of February, 1913, with the prices, dates of delivery, and car numbers and also showing credits for freight and over charge, and a balance due the plaintiff of $1,139.41."

The appellant, the plaintiff below, is a body corporate and engaged in the manufacture of bricks, at Gettysburg, Pa.

The appellee, the defendant below, is also a body corporate, and is a contractor for the erection and construction of buildings, with its principal office in Baltimore City.

On the 17th day of August, 1912, the Baltimore Fidelity Warehouse Company awarded to the appellee, a contract to erect and construct for it at a cost of $165,500.00 a large warehouse building at the corner of Hillen and High streets, Baltimore, and the contract also included the furnishing of all labor and materials necessary for the completion of the building.

Afterwards, the appellee, contractor, ordered from the Slingluff Supply Company, of Baltimore, face brick amounting to 225,000, to be used in the construction of the building at $14.50 per thousand.

Subsequently, the Slingluff Supply Company, in turn, contracted with the appellant, to manufacture and deliver the

bricks necessary for the work, at $10.00 per thousand, *f. o. b.* at the mills of the appellant, Gettysburg, Pa. The two last named contracts are not set out in the Record, but are sought to be established by correspondence in writing between the parties and by the parol testimony in the case.

It is admitted, on the part of the appellant that all of the bricks sold and delivered prior to February 1, 1913, under the alleged Slingluff contract were fully paid for, but it is contended that the 95,000 face brick, here in dispute and shipped in the month of February, 1913, were sold and delivered to the appellee under a new contract, wherein it was agreed, that the appellee should be responsible and would pay for all bricks shipped to it thereafter to be used to complete the warehouse building.

It appears from the Record, that it was admitted by the appellee, in the course of the trial, in the Court below, that "we owe this money either to the Slingluff Supply Company or the Auburn Shale Brick Company. Our theory of the case is that we owe it to the Auburn Shale Brick Company, subject to any right for damages due to the failure of the Slingluff Supply Company to carry out its contract."

The contention upon the part of the appellee, in this Court, is, that the Court below was right in withdrawing the case from the jury, because, first, the evidence failed to show that there was any contract between the appellant and appellee, and, secondly, if a contract has been established it was "a collateral contract of guaranty whereby the appellee agreed to be responsible to the appellant for a debt contracted and to be contracted by the Slingluff Supply Company; or an agreement whereby the appellee agreed not to pay over any money without the consent of appellant to the Slingluff Supply Company which was or might become due under its contract with the Slingluff Supply Company," and there could be no recovery under the common counts of the declaration.

It has repeatedly been held by this Court that a prayer in the form in which the defendant's prayer was granted in this case, is too general, indefinite and submits no proposition of law, and should be refused. The prayer raises no question as to the legal sufficiency of the evidence to sustain the plaintiff's claim, and can only be regarded as assailing the sufficiency of the declaration. *Western Md. R. R.* v. *Carter,* 59 Md. 306; *Dorsey* v. *Harris,* 22 Md. 88; *Mottu* v. *Fahey,* 78 Md. 394; *Sumwalt* v. *Knickerbocker,* 114 Md. 413; *Hobbs* v. *Battory,* 86 Md. 72.

It is difficult to perceive, under the evidence and pleadings in this case, on what ground or theory the defendant's prayer could have been granted.

It will be seen, that the plaintiff's declaration is in assumpsit and in the usual form, containing only the common counts in assumpsit.

If the prayer is to be treated as an attack on the legal sufficiency of the declaration, it is clear that the ruling of the Court below must be held as reversible error, because the counts in the declaration were proper and sufficient to allow a recovery, if the plaintiff could sustain the theory of its case, by the necessary proof.

There were no exceptions to the admissibility of evidence, and there was no prayer raising the question of variance between the pleadings and the evidence, and it has been frequently held, by this Court, that a prayer of this character is too general in its terms to raise the question of variance or non-correspondence between the *allegata* and *probata.*

In *Cover* v. *Smith,* 82 Md. 586, this Court, in dealing with a similar question on a general prayer, in an action of assumpsit, said: "It was argued at some length that this prayer raised the question of variance between the pleadings and the evidence and that such existed. It is a dangerous practice to permit such a question to be raised by a general prayer of this kind, as this Court cannot say that the attention of the Court below, or the attorneys for the plaintiff,

was in fact called to the alleged variance so as to give an opportunity for amendment, if necessary, in that Court."

In *Casey* v. *Suter,* 36 Md. 4, this Court said: "If the defendant designed to raise this point he should have done so by excepting to the admissibility of the testimony when offered or by a prayer asking its exclusion from the consideration of the jury on that ground, or presenting the question of variance or non-admissibility under the issues in direct and positive terms, so that the plaintiff could have had in the Court below an opportunity to amend his *narr.,* by adding an appropriate and an additional count." *Straus* v. *Young,* 36 Md. 255.

But if it be conceded that the question of variance between the allegations and proof was properly before the Court, and a variance existed, it would not avail the defendant on this appeal, because under the defendant's contention and its admissions as contained in its brief, and set out in the record, the judgment would have to be reversed and the case remanded for a new trial, so as the plaintiff could recover by a proper amendment of its declaration. *Norris* v. *Graham,* 33 Md. 56; *Turner* v. *Maddox,* 3 Gill, 196.

But apart from this, we think, there was sufficient evidence, on the record now before us, to have taken the case to the jury, upon the plaintiff's proof.

The contract between the appellant and the appellee under which a recovery was sought, it will be seen, was partly in writing and partly in parol, and this being so, it was a question for the jury and not for the Court, to determine what was the contract between the parties.

In *Story on Contracts,* sec. 818, it is said, if a contract is to be made out partly by written documents and partly by oral evidence, the whole becomes a question for the jury. 1 *Taylor on Evidence, sec.* 36; *Roberts* v. *Bonaparte,* 73 Md. 200; *Leftwich* v. *Royal Ins. Co.,* 91 Md. 612.

In *Lumber Co.* v. *Israel Congregation,* 100 Md. 129, which was a case of this character, the Court held, that the evidence was sufficient to take the case to the jury and if the

jury find that the main object of the defendant was not to answer for the debt of the contractor but to subserve his own purpose, the defendant's promise is not within the *Statute of Frauds* and if the jury find that the credit for the lumber was given to the defendant, the plaintiff is entitled to recover. *Marchant* v. *Hughlett,* 118 Md. 239; *Booth* v. *Irving Nat. Ex. Bank,* 116 Md. 676; *Eckels* v. *Cornell Co.,* 119 Md. 107.

In *Oliver & Burr* v. *Noel Co.,* 109 Md. 466, it was held, that plaintiff's promise to be responsible for any loss, if defendant would pay the C. Company, was not a contract of guaranty, but was an original undertaking. *Oldenburg* v. *Dorsey,* 102 Md. 172; *Dryden* v. *Barnes,* 101 Md. 352; *Huff* v. *Simmers,* 114 Md. 549.

We cannot adopt the appellee's contention in view of the evidence set out in this record, that this is a case in which the judgment should be affirmed or reversed without a new trial, notwithstanding the error in granting the defendant's prayer.

The class of cases such as *Pearre* v. *Smith,* 110 Md. 531; *Norris* v. *Conn. Fire Ins. Co.,* 115 Md. 174; *Newbold* v. *Bradstreet,* 57 Md. 38, relied upon by the appellee, are entirely unlike this. In those cases, the Court held, that upon the whole proof, there was no evidence legally sufficient to entitle the plaintiff to recover, notwithstanding the error in the form of the prayer.

In the present case the Court would not have been justified upon the whole proof, in granting a prayer, in proper form, directing a verdict, in favor of the defendant, upon the ground, that there was no evidence legally sufficient to entitle the plaintiff to recover under the pleadings in the case.

There was evidence upon the part of the plaintiff, that the appellant company on or about the first of February, 1913, refused to manufacture and deliver any bricks thereafter under the Slingluff contract to be used in the construction of the warehouse, unless the defendant, would "be responsible

for all shipments to the completion of the order to the amount of the contract price."

. Mr. Oswald, the General Manager of the appellant company, testified, that all the bricks manufactured and shipped for the completion of the warehouse, after February 1st, 1913, were sold to the defendant company, according to the correspondence, conversations and telephonic communications, between the parties, contained in the record.

He further testified, that his company was directed by the defendant company "to go ahead and ship the brick and they would stand good for them;" that according to the contract, with the defendant company, they furnished all the brick that were needed to complete the work on the warehouse, and that the 95,000 bricks were delivered upon the orders of the appellee, at the prices agreed upon, were accepted by them and actually used in the construction of the building.

But even if it be conceded, without reviewing the rest of the testimony in the record, that the evidence was largely conflicting as to what was the contract between the parties and the other material points raised, they were clearly questions to be determined by the jury, upon proper instructions by the Court, on the law of the case. *Sullivan* v. *Boswell,* 122 Md. 550; *Meyer* v. *Frenkil,* 113 Md. 46; *Roberts* v. *Bonaparte,* 73 Md. 191; *Donnelly* v. *Newbold,* 94 Md. 224.

For the reasons stated, the judgment appealed from must be reversed, because of the error in granting the defendant's prayer, and the case remanded for a new trial.

*Judgment reversed, with costs, and new trial* .
*granted.*