[No. 20904. Department Two. April 24, 1928.]

## M. J. CARRIGAN et al., Appellants, v. WARREN J. ASHWELL et al., Respondents.[1]

[1] MUNICIPAL CORPORATIONS (380)—USE OF STREETS—ORDINANCES— BOUNDARIES OF ARTERIAL HIGHWAYS. Under Seattle ordinance No. 46,765 defining a street to include all or any portion of the public highways open to the public for the use of vehicles, and forbidding the entering upon an arterial highway without stopping, the boundary line of an arterial street is the curb line and not the property line, so that a pedestrian struck on a cross street intersection was not struck before the vehicle reached the arterial street, and the driver was not negligent as a matter of law in violating the ordinance.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered September 18, 1926, upon the verdict of a jury in favor of the defendants, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Paul Carrigan,* for appellants.

*Schwellenbach, Merrick & Macfarlane,* for respondents.

[1]Reported in 266 Pac. 686.

FULLERTON, C. J.—The appellant, Mary A. Carrigan, was struck by an automobile driven by the respondent L. W. Ashwell, who is the son of the other respondents, and brought this action to recover for the injuries she suffered. There was a trial before a jury in the court below, which resulted in a verdict and judgment in favor of the respondents.

The accident causing the injury to the appellant occurred at the junction of two public streets of the city of Seattle, known as Tenth avenue northeast and East Fortieth street. The first of the named streets at this point extends north and south, and the second east and west. The appellant alighted from a street car on the south side of East Fortieth street and proceeded to cross that street on the east margin of Tenth avenue northeast, at the place appointed for pedestrians to cross. She was struck by the automobile of the respondents, which was driven westerly on East Fortieth street, as she neared the curb on its north side. She was then within Tenth avenue northeast, if its eastern margin is measured by a line drawn coincident with the property line, but outside of it, if such margin is measured by a line drawn coincident with its curb lines. The automobile was not brought to a stop until after the appellant was struck.

Tenth avenue northeast is an arterial highway of the city of Seattle, declared to be such by a public ordinance No. 46,765 of the city. An arterial highway is defined by ordinance as follows:

"'Arterial Highway'—is hereby defined and designated as a street carrying the accumulated traffic of a number of other streets feeding into it."

The terms "street" and "vehicle" are defined as follows:

" 'Street' shall include all or any portion of the public highways and other places of the City of Seattle open to the public for the use of vehicles."

" 'Vehicle' shall include all carriages moving on land, whether on wheels or runners, and whether drawn or pushed by animals or men, or propelled by motive power, excepting street railway cars, locomotives and trains."

The ordinance also provides:

"It shall be unlawful when driving or operating a vehicle to enter into or cross over any of the aforesaid arterial highways without first bringing such vehicles to a full stop immediately before so entering or crossing."

It was the contention of appellant in the court below that the property line of Tenth avenue northeast marked its boundary as an arterial highway, and that the driver of the respondent's automobile was guilty of negligence as a matter of law when he failed to stop the automibile before crossing the line. The trial court took the view that the curb lines marked the margins of the highway, and gave to the jury the following instruction:

"You are instructed that under the provisions of the ordinance of the city of Seattle, the highway arterial, to which reference has been made in the complaint, extended only over to the curb line of Tenth avenue northeast, and that under the provisions of the arterial highway ordinance the requirement for stopping the automobile before entering the highway was that the automobile should stop immediately before entering Tenth avenue northeast, and that even though there was a line across the street at the property line, that the ordinance itself controls, and there was no duty upon the defendant to stop before reaching the line referred to."

[1] The single question presented by the appeal is whether the court erred in determining what consti-

tuted the marginal boundary of the arterial highway. It is our opinion that the court construed the ordinance correctly. Turning again to the definitions of the ordinance, it will be observed that an arterial highway is defined as a street, and that a street includes all or any portion of a public highway open to the public for the use of vehicles. The definitions, *ex vi termini,* exclude all that portion of the street lying between the curb line and the property line of the street, for these portions of the street are not open for the use of vehicles, at least such as can be included by any reasonable intendment within the definition of vehicles the ordinance contains. It is true, as the appellant argues, that at every intersecting street there is a space between the curb line and the property line that is open to the public for the use of vehicles, but the ordinance was intended to have a practical effect. Often, particularly in the business sections of the city, buildings are erected which abut upon the property line and which obscure to the operator of vehicles approaching the arterial highway any vision of the traffic upon such highway until the property line is passed. This would mean, more often than otherwise, that the approaching vehicle would be compelled to make two stops, one at the property line and another after it reached a position where its operator could observe the traffic. Doubtless, the rule contended for would conduce to the safety of pedestrians crossing the intersecting street, but the city, when it enacted the ordinance, was confronted by a number of conditions of which the prevention of congestion of traffic was not the least. But the controlling question is, what are the requirements of the ordinance, and, as we say, we do not think the trial court misinterpreted it.

We have not overlooked the contention to the effect that the ordinance is doubtful and ambiguous in terms,

and that the traffic officers of the city, who have the duty of enforcing it, have given it the construction the appellant puts upon it. It is unquestionably the rule that, in instances where statutes or ordinances are doubtful or ambiguous, the interpretation put upon it by officers having the duty to enforce it, especially if such interpretation has been long continued, will be given great weight by the courts. But in this instance we are neither satisfied that the ordinance is doubtful or ambiguous, nor satisfied that the proofs offered to support the fact are sufficient for that purpose.

The judgment is affirmed.

ASKREN, HOLCOMB, and MAIN, JJ., concur.