# H. LESLIE CARLIN *v.* CORNELIA T. WORTHINGTON
## [No. 21, April Term, 1937.]

*Decided May 25th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Edward J. Colgan, Jr.,* and *Nathan Patz,* with whom were *Richard M. Carlin, Karr & Colgan,* and *Mylander & Patz,* on the brief, for the appellant.

*Joseph D'A. McGrath,* for the appellee.

SLOAN, J., delivered the opinion of the Court.

The collision for the consequences of which, the plaintiff, H. Leslie Carlin, sought to recover from the defendant, Cornelia T. Worthington, occurred at the intersection of the Cooksville Road with the Columbia Pike, in Montgomery County. From a judgment for the defendant the plaintiff appeals.

There were two trucks involved: the plaintiff's truck, driven by Ralph E. Cullen, the defendant's by Roy C. Brightwell. The plaintiff's truck was on its way from Baltimore to Washington on the Columbia Pike, which is a boulevard or favored highway. The defendant's truck was being driven from Glenwood to Washington on the Cooksville Road, a secondary or unfavored highway. The

roads intersected, and the trucks met at Olney. On the Cooksville Road, near the intersection, was a "Stop" sign, erected by the authority of Code, Art. 56, sec. 209, Acts 1929, ch. 224, warning motorists on the Cooksville Road of the danger in entering or crossing the Columbia Pike. There is a store on the northwest corner of the intersection, so near the roads that it obstructs the view of the other road, to persons traveling on either of the roads in the directions the participants were respectively going at the time. There was evidence that defendant's driver stopped his truck before entering the intersection, and evidence that he did not stop, and that he slowed the truck and put it in second gear. The plaintiff's driver testified that he reduced his speed approaching the intersection to twenty-five miles an hour, in obedience to a road sign so restricting the speed at that point, and that the trucks entered the intersection almost simultaneously. The defendant's driver testified that, when he entered the intersection, the plaintiff's truck was 150 or 160 feet away, and traveling just before the collision at from thirty-five to forty miles an hour, and that his (defendant's) rear wheels were "about the center of the road (when) he come up there and struck me." The evidence stated shows that it was so conflicting as to require the jury to say who was or were at fault. The defendant did not submit a demurrer prayer, so that the sufficiency of the plaintiff's evidence was admittedly one of fact for the jury.

The only question argued was the plaintiff's second prayer, refused by the trial court, which asked for an instruction defining the rule of the road with respect to favored and unfavored highways, and the duty of a a driver on an unfavored highway in regard to "Stop" signs, and he relies upon the opinion in *Blinder v. Monaghan*, 171 Md. 77, 188 A. 31, 34, to sustain his contention. The part of the prayer over which there is contention sought an instruction that, if the jury should "find that the defendant's truck did not come to a full and complete stop before entering into or crossing such

through highway, and if they shall find that the two trucks collided in or near the intersection of said through highway and said intersecting highway," then their verdict should be for the plaintiff, unless his driver by his negligence directly contributed to the accident.

The rights, duties, and privileges of motorists on favored and unfavored highways is discussed at considerable length in the notes in 58 *A. L. R.* 1198, 81 *A. L. R.* 185, and 89 *A. L. R.* 838. Preferences in certain streets or highways must be created by statute or ordinance (5 *American Jurisprudence* sec. 301, p. 668), and in this state they are, by section 209, article 56 of the Code. The weight of authority seems to be that the right of a driver on a favored highway is not absolute, but is to be enjoyed with due regard to the circumstances then and there existing, particularly as to speed and distances of the respective cars from the intersection when in sight of each other. Note, 58 *A. L. R.* 1198. A "stop" sign means stop before entering a boulevard or favored highway (*Carrigan v. Ashwell,* 147 Wash. 597, 266 P. 686; *Flores v. Fitzgerald,* 204 Cal. 374, 268, P. 369; *Johnston v. Jahncke Service, Inc.,* 7 La. App. 348), and an unfavored driver must not enter against a favored driver arriving at the intersection at the same time. When the unfavored driver has time, if the favored is so far from the intersection that he will not arrive there before the crossing is cleared by the other, if he is not speeding, it is not negligence of an unfavored driver to enter. *Heidle v. Baldwin,* 118 Ohio St. 375, 161 N. E. 44; *Weber v. Beeson,* 197 Mich. 607, 164 N. W. 255; *Stryker v. Hastie,* 131 Or. 282, 282 P. 1087; *McCulley v. Anderson,* 119 Neb. 105, 227 N. W. 321; *Pline v. Parsons,* 231 Mich. 466, 204 N. W. 131; *State, use of Harvey v. Balto. & O. R. Co.,* 69 Md. 339, 14 A. 685, 688. It has been held that it is negligence *per se* to enter a main trunk line marked by a stop sign without stopping, (*Harris v. Blythe,* 222 Ala. 48, 130 So. 548; *Morris v. Bloomgren,* 127 Ohio St. 147, 187 N. E. 2), and that it is the duty of a driver to stop at a stop sign. *Svenson v. Vondrak,* 200 Wis. 312,

227 N. W. 240; *Shoniker v. English,* 254 Mich. 76, 235 N. W. 866. A driver on an unfavored highway, on entering a favored highway or boulevard, must have his car under control, otherwise he is not prepared to yield the right of way. *McNulty v. Horne Co.,* 298 Pa. 244, 148 A. 105.

It is not negligent for a driver on a primary or favored highway to assume that a driver on a secondary or unfavored highway, marked by a stop sign, will stop and allow him to proceed. *Keir v. Trager,* 134 Kan. 505, 7 P. (2nd) 49; *Dikel v. Mathers,* 213 Iowa, 76, 238 N. W. 615; *Lucas v. Andress,* 17 La. App. 329, 136 So. 207.

It is the application by statute of the old "stop, look, and listen" rule with respect to railways, which is, as stated in *Philadelphia, W. & B. R. Co. v. Hogeland,* 66 Md. 149, 161, 7 A. 105, 107, "It is negligence *per se* for any person to attempt to cross tracks of a railroad without first looking and listening for approaching trains; and, if the track in both directions is not fully in view in the immediate approach to the point of intersection of the roads, due care would require that the party wishing to cross the railroad track should stop, look, and listen before attempting to cross."

In this case the plaintiff contends, as his only reason for a reversal, that his second prayer should have been granted, and relies upon the case of *Blinder v. Monaghan,* 171 Md. 77, 188 A. 31, 34, where, in an opinion by Judge Offutt, it was said: "Where, as in this case, the operator of a vehicle enters such a highway in disregard of these explicit and mandatory rules and collides with another vehicle approaching thereon, the collision can only be attributed to his negligence, for in such a case the principle announced in *Sun Cab Co. v. Faulkner,* 163 Md. 477, 163 A. 194, applies with peculiar force. There a taxicab proceeding at an excessive speed collided with a second taxicab which entered the intersection against a red or stop light, and it was held that the fact that the first cab was driven at an excessive speed did not render the owner liable, because it appeared that the proximate

510

cause of the accident was the act of the driver of the second taxicab in disregarding the stop signal." While this quotation from the opinion is this court's expression of the meaning and effect of a "stop" sign on a secondary highway, it is not an instruction to a jury. The vice of the prayer is, not that it did not correctly state the rule of the road with respect to stop signs on secondary highways, but that in addition to the violation of the rule of the road at such an intersection, it did not submit the question of the violation of the rule as the proximate cause of the accident. *Chiswell v. Nichols,* 137 Md. 291, 307, 112 A. 363; *Hopper, McGaw & Co. v. Kelly,* 145 Md. 161, 164, 168, 125 A. 779; *Kelly v. Huber Baking Co.,* 145 Md. 321, 334, 125 A. 782; *Sun Cab Co. v. Faulkner,* 163 Md. 477, 479, 163 A. 194; *Meese v. Goodman,* 167 Md. 658, 664, 176 A. 621; *Balto. & O. R. Co. v. State, use of Carbone,* 169 Md. 345, 356, 181 A. 830.

For this omission in the plaintiff's second prayer, it should have been, as it was, refused, and the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*