## SHONIKER v. ENGLISH.

1. HIGHWAYS AND STREETS—REGULATIONS AS TO PARTLY CLOSED HIGHWAY.

> When State highway department closes road only partly, but it is open to use of public, as matter of right, for purposes of vehicular travel, it remains highway. (1 Comp. Laws 1929, § 4693 [n]), and department may make regulations as to its use which are binding on public if they are posted on road (sections 4629, 4630).

2. SAME—DETOUR PART OF MAIN HIGHWAY.

> Detour established by State highway department under authority of 1 Comp. Laws 1929, § 4629, becomes part of main road, and part temporarily cut off remains highway if open to travel, subject to such use and regulations as may be adopted and posted, but it loses special character attached to road from which it was taken.

3. MOTOR VEHICLES—HIGHWAYS AND STREETS—RIGHT OF WAY.

> Generally, automobile which is required to stop at crossing yields right of way to other car approaching on intersecting street.

4. HIGHWAYS AND STREETS—STOP SIGN.

> Regardless of testimony of highway officials as to superiority of roads, stop sign established by authority is imperative.

5. MOTOR VEHICLES—HIGHWAYS AND STREETS—STOP SIGN—DUTY TO STOP.

> Where automobile drivers approaching intersection were both required to stop, one because of requirement of statute, and other because of stop sign established by authority, it was duty of both to stop, regardless of which technically had right of way.

6. SAME—DUTY TO HAVE CAR UNDER CONTROL.

> Stop sign on highway is warning of possible danger, and imposes duty not only to stop vehicle, but also to make reasonable observation of intersecting highway at place where view is clear and to keep car under such control as will enable driver to stop at once if observation discloses approaching vehicles.

---

On the general rule as to right of way of vehicles entering at intersection of street or highway, see annotation in 21 A. L. R. 974; 37 A. L. R. 493; 47 A. L. R. 595.

7. SAME—CONTRIBUTORY NEGLIGENCE.

> Drivers of automobiles in collision at highway intersection where both were required to stop and have cars under control were both guilty of contributory negligence as matter of law, barring their right to recover for damages so inflicted.

Error to Kent; Brown (William B.), J. Submitted January 7, 1931. (Docket No. 28, Calendar No. 35,248.) Decided April 7, 1931.

· Case by Clairmont Shoniker against Warren W. English and another for injuries sustained in an automobile collision. Cross-actions by defendants against plaintiff for injuries sustained in the same collision. Directed verdict and judgment for defendants in plaintiff's action. Verdict and judgment for defendants in their cross-actions. Plaintiff brings error. Reversed.

*Grant Sims* and *Rodgers & Dunn,* for plaintiff.

*Linsey, Shivel & Phelps,* for defendant.

FEAD, J. In action and cross-action for injuries sustained in a collision between automobiles, verdict was directed against plaintiff for contributory negligence, and defendants had verdict of a jury and judgment for damages.

Just outside the city limits of Grand Rapids, US–131, a superhighway, runs north and south on Division street and crosses M–114, a State trunk line highway, properly so marked, at Beals street. Both streets are paved 40 feet wide at the intersection. The State highway department undertook the paving of US–131 for a distance south of the crossing and detoured the superhighway west on Beals street. It erected a barricade across Division street 20 feet south of the pavement and put up the usual

sign that the road was under repair and travel was at driver's risk. At the time of the collision, September 15, 1929, the east half of the pavement had been completed and was open to local traffic. The barricade then extended over only the west half of the road. M–114 had been a stop street as to US–131, and was properly equipped with stop signs. When US–131 was detoured the department continued the stop sign on Beals street 80 feet west of the crossing.

In outlining the circumstances of the collision, we accept the testimony favorable to the parties respectively.

Defendant Harold English drove east on Beals street and halted at the stop sign. On his right was a gasoline station which obstructed his view to the south. He could see 150 feet south of the intersection on Division street, his view was obstructed for the next 100 feet; and from that point he could see to a rise 400 feet distant from the crossing. When at the station, he looked to the south, saw no car approaching, waited for one to come out of the blind spot, none came, he started in low gear, shifted to second speed, ran at a rate of 12 miles per hour, did not look to the south again until he was at the west line of the intersection, saw plaintiff's car some 10 feet south of the barricade, applied his brakes instantly, could not stop, and his car was struck at about the middle by plaintiff's some four feet west of the east line of the crossing. At a speed of 12 miles per hour he could have stopped his car in five feet.

Plaintiff was driving north at a speed of 30 miles per hour, coasting after he passed the rise. When about 80 feet from the crossing he looked to the west and saw no car. The gasoline station pre-

vented his seeing defendants. He did not look again until about at the barricade, saw defendants' car 20 feet west of the intersection, coming at 30 to 35 miles per hour, applied his brakes, reduced speed to 20 miles per hour, but was not able to stop. Plaintiff knew US-131 had been detoured, that the barricade and sign were at the crossing, that M-114 was a trunk line highway, that the road on which he was traveling was under repair and the east portion had been open only to local travel.

Each party claims he had the right of way, and, therefore, was not guilty of negligence and the other was negligent. Plaintiff said he relied upon there being a stop sign on Beals street, that there was no such sign on Division street, and, as he was on the right, he had the right of way. Defendants contend that Beals street was the superior road because M-114 was a trunk line highway and the detour of US-131 had left the portion of Division street under repair with a status no greater than a private road.

When the State highway department closes a road only partly, but it is open "to the use of the public, as a matter of right, for purposes of vehicular travel," it remains a highway. 1 Comp. Laws 1929, § 4693(n). The department may make regulations as to its use, which are binding on the public if they are posted on the road. 1 Comp. Laws 1929, §§ 4629, 4630. Except as modified by such posted regulations, the road has the dignity and incidents of a highway.

The department also has authority to establish detours. 1 Comp. Laws 1929, § 4629. The detour becomes a part of the main road. The part temporarily cut off remains a highway if open to travel, subject to such use and regulations as may be adopted and posted by authority, but it loses the

special character attached to the road from which it was taken.

In this instance the right of way presents unusual features. Plaintiff had the advantage of being on the right of defendants. 1 Comp. Laws 1929, § 4712. However, Beals street, M–114, was a State trunk line highway, properly so marked, and plaintiff was required to approach it at a maximum rate of speed of 10 miles per hour and to come to a full stop because defendants' car was approaching. 1 Comp. Laws 1929, § 4713(e). On the other hand, Beals street had a stop sign at the intersection. As a general rule, a car which is required to stop at a crossing yields the right of way to the other.

Out of the somewhat complicated situation, the clearest rule is that both cars were required to stop. Plaintiff's duty to do so was established by statute. Regardless of the testimony of highway officials as to the superiority of roads, a stop sign established by authority is imperative. It is the means by which the law requires the highway officials to register their determination for the guidance of the public. So, defendants' duty to stop was also plain.

Because both cars were required to stop at the intersection, plaintiff, being on the right, had the technical right of way. But, under the circumstances, the technical right of way is unimportant because it did not enter into the accident. The collision was caused by negligence occurring prior to the time when the right of way became a factor.

We cannot agree that defendant performed his whole duty because he stopped his car at the sign, where his view was obstructed, and estimated the time it would take a car to appear out of the blind spot. A stop sign on the highway is a warning of possible danger. It imposes the duty not only to

stop the vehicle but also to make reasonable observation of the intersecting highway at a place where the view is clear and to keep the car under such control as will enable the driver to stop at once, if observation discloses approaching vehicles.

Neither driver made reasonable observation because, although the view was clear a much farther distance, he did not see the other car until each was about 20 feet from the intersection. Neither had his car under proper control, as he was unable to stop after he saw the other, and this in spite of his being warned, defendant by the stop sign and plaintiff by nearing a trunk line highway, that the intersection was to be approached cautiously. In addition, plaintiff was negligent in not approaching at the lawful rate of speed and in not stopping. If defendant's claim that he was driving at 12 miles per hour, and could have stopped in five feet, is accepted, then he probably had his car under proper control but was still negligent in not looking seasonably when the view was clear and in not stopping after he saw plaintiff, as he could have done.

In our opinion, both drivers were guilty of contributory negligence as a matter of law.

Judgment will be reversed, and the case remanded with directions to enter judgment of no cause of action on both the principal and cross-suits, without costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.