LIVERPOOL, LONDON & GLOBE INS. CO. *v.* FASI.

AUTOMOBILES—COLLISION AT INTERSECTION—INSURANCE.

> Verdict and judgment for insurer, as assignee of its insured, for damages suffered when assignor's car collided with defendant's at an intersection of two State trunkline highways is affirmed by an equally divided court.

Appeal from Wayne; Miller (Guy A.), J.  Submitted January 11, 1940. (Docket No. 4, Calendar No. 40,720.)  Decided March 15, 1940.  Rehearing denied June 18, 1940.

Case by Liverpool, London & Globe Insurance Company against Anthony Fasi for damages accruing as a result of an automobile accident.  Verdict and judgment for plaintiff.  Defendant appeals. Affirmed.

*Walters & Head* (*Nathan R. Berke,* of counsel), for plaintiff.

*Howard D. Brown* (*Paul R. Erickson,* of counsel), for defendant.

POTTER, J.  This case involves an automobile collision.  Trunkline M-43 runs north and south north of Kalamazoo and M-89 runs east and west intersecting M-43 from the west.  M-89 has a stop sign and M-43 is a through highway.  Defendant was coming east on M-89 which had a stop sign.  He chose to run the stop sign and collided with the car of plaintiff's assignor.

"The purpose of a stop street is to afford traffic on it a preference. It is the duty of one arriving at such street not only to stop but so to remain until a reasonable opportunity to proceed appears. It would be contrary to all custom, general understanding, and the purpose of a stop street, to hold, as contended by defendants, that, after stopping, the driver immediately acquires the right of way as against all vehicles on the stop street which have not reached the intersection." *Leader* v. *Straver,* 278 Mich. 234.

"A stop sign on the highway is a warning of possible danger. It imposes the duty not only to stop the vehicle but also to make reasonable observation of the intersecting highway at a place where the view is clear and to keep the car under such control as will enable the driver to stop at once, if observation discloses approaching vehicles." *Shoniker* v. *English,* 254 Mich. 76.

Plaintiff's driver cannot be held guilty of contributory negligence as a matter of law. She might have seen the automobile approaching but she would have had a right to rest on the assumption that the driver of it would stop at the stop sign. *Bunker* v. *Reid,* 255 Mich. 536; *Travis* v. *Eisenlord,* 256 Mich. 264.

"There is no doubt but that defendant was guilty of negligence in not heeding the direction of the 'Stop' sign, as required by law. He, however, claims that plaintiff had ample time to avoid the accident, and that if plaintiff had made proper observations and seen defendant's car turning into M-37 ahead of him, he could have come to a stop within 12 to 15 feet and thus avoided the accident. * * *

"The trial judge held that plaintiff was guilty of contributory negligence as a matter of law, and directed a verdict for defendant at the conclusion of the testimony on plaintiff's behalf. * * * Even though defendant did not stop at the sign, he could

still have come to a stop at some point before the north line of M-37. Assuming that defendant would heed the direction of the 'Stop' sign, plaintiff drove on through the intersection, momentarily taking his eyes off defendant in order to look ahead. The collision occurred within the next instant. The sole question is whether plaintiff acted as a reasonably prudent man under the circumstances in assuming that defendant would obey the law and stop before the intersection, and in therefore continuing across the intersection. This was at least a question for the jury." *Hilliker* v. *Nelson,* 269 Mich. 359.

That case is applicable to the case at bar.

Judgment affirmed, with costs.

CHANDLER, MCALLISTER, and BUTZEL, JJ., concurred with POTTER, J.

BUSHNELL, C. J. Plaintiff assignee, after a jury trial, had judgment for the damages suffered by its assignor by reason of a collision at the intersection of two State trunkline highways, about 8½ miles north of Kalamazoo. At this point M-43 runs north and south and M-89 runs east and west. M-89 stops at the intersection of M-43, does not cross it but continues with it to the south for some distance. M-43 is a macadam top paved highway. M-89, until it joins M-43, is a gravel road. Beyond the intersection is a narrow gravel county or township road continuing to the east.

On May 20, 1937, Mrs. Woodruff, wife of plaintiff's assignor, was driving south on M-43 at 40 to 45 miles per hour. Defendant testified that, as he approached M-43 on highway M-89 from the west, he slowed down to 15 miles per hour, shifted into second gear and, as he turned into M-43, he was struck by the car driven by Mrs. Woodruff. A passenger in Mrs. Woodruff's car testified that defend-

ant's car struck the Woodruff car "on our right front wheel—that wheel is back of the radiator." Highway M-43 had a junction sign near the intersection, and M-89 had a stop sign.

Defendant appeals, claiming that the court erred in failing to instruct the jury that plaintiff's driver was guilty of contributory negligence as a matter of law. Defendant requested the court to charge the jury that:

"If you find that the car of the plaintiff's assured was not brought to a full stop before entering the intersection of M-89, you will return a verdict of no cause for action in favor of the defendant."

The language of subdivision (e) of 1 Comp. Laws 1929, § 4713 (Stat. Ann. § 9.1581) reads:

"(e) All vehicles approaching the intersection of a State trunkline highway, outside of any city or village having local regulations, shall come to a full stop whenever a vehicle is approaching the intersecting highway and shall reduce speed to a maximum of ten miles per hour at all other times before entering or crossing such highways."

Neither Act No. 120 nor Act No. 318, Pub. Acts 1939 (amending Act No. 318, Pub. Acts 1927 [Comp. Laws Supp. 1940, § 4693 *et seq.*]), which authorize the State highway commissioner and the commissioner of the Michigan State Police, acting jointly, to determine which traffic, if any, shall be given preference at the intersection of two or more State trunkline highways, was in force at the time of the accident.

Mrs. Woodruff did not see defendant approaching the intersection, and neither stopped nor slowed down. One of the three passengers in her car saw defendant when he was about 150 feet from the intersection; the other who testified did not see de-

fendant's car until just about the time of the collision.

Defendant called the trial court's attention to the rule stated in *Shoniker* v. *English,* 254 Mich. 76, where this court held both drivers guilty of negligence. One of them claimed the right of way because of the absence of a stop sign on the road which he was traveling. Both roads were trunkline highways.

The trial judge, in denying the motion for judgment *non obstante veredicto,* stated that defendant's argument had considerable support from the *Shoniker* decision, but said:

"It does not receive any support from common sense as distinguished from law. To establish the rule contended for by the defendant would be to make a liar out of the signs at practically every crossing in the State of Michigan between two State trunk lines. Almost invariably one is a through highway, and the other is made a subordinate highway by the erection of stop signs near such intersection. It is the universal practice of automobile traffic to treat a State trunkline highway as being a through highway as against all intersections where it is not blocked by a stop sign. The rule contended for would be contrary, would suspend the accepted understanding of 99.9 per cent. of all automobile drivers in the State of Michigan. It would also be contrary to the accepted understanding of local highway authorities, and of the State highway department. That contention is also open to doubt as a matter of law on the construction of the State statutes."

Mrs. Woodruff is chargeable with having seen what she could have seen. Had she looked, she would have seen defendant approaching the intersection. Under the circumstances, the statute re-

quired that she come to a full stop. Even had no vehicle been approaching the intersection, she was required to reduce her speed to 10 miles per hour. She did neither and, under the statute, she should have been held guilty of contributory negligence as a matter of law.

Defendant's motion for a directed verdict should have been granted or a judgment *non obstante veredicto* should have been entered. Plaintiff's judgment should be vacated and held for nought without a new trial, and with costs to appellant.

Sharpe, North, and Wiest, JJ., concurred with Bushnell, C. J.