ALLSTATE INS. CO. ET AL., APPELLEES, *v.* ANGELO, APPELLANT.

[Cite as Allstate Ins. Co. v. Angelo, 7 Ohio App. 2d 149.]

150

[redacted]

(No. 3227—Decided August 10, 1966.)

Messrs. Carson, Vogelgesang & Sheehan and Mr. Gary A. Banas, for appellees.

Messrs. Day, Ketterer, Raley, Wright & Rybolt and Mr. Louis A. Boettler, for appellant.

RUTHERFORD, P. J. This cause was submitted to the Canton Municipal Court upon an agreed stipulation of fact and the diagram and description contained at the bottom of the last page of the Canton police report as attached to the stipulation.

By the stipulation of the parties, it was stipulated and agreed that the following facts be taken as true:

"1. That 19th Street, N. E., and Superior Avenue, N. E., are duly dedicated and intersecting public thoroughfares in the city of Canton, Ohio, the former running in a general easterly-westerly direction and the latter in a northerly-southerly direction;

"2. That on April 4, 1964, the plaintiff Paul O. Dimit was operating a 1959 Ford in a southerly direction on Superior Avenue and the defendant Jack Angelo, Jr., was operating an automobile in an easterly direction on 19th Street; and that both automobiles stopped before entering said intersection in compliance with stop signs regulating traffic at said intersection;

"3. That four stop signs controlled traffic approaching said intersection of Superior Avenue and 19th Street from each of the four sides or entrances to the intersection, said intersection being commonly known as having 'four-way stop signs;'

"4. That attached hereto and marked 'Exhibit A' is a copy of the Canton police report of an investigation of an accident involving the parties hereto, and the facts contained on said report are to be taken as true, including the diagram and the written description of the accident contained at the bottom of the past page;

"5. That Paul O. Dimit was the owner of the automobile described in plaintiff's petition and the damages caused to said automobile were in the amount of $178.27;

"6. That the Allstate Insurance Company was subrogated to a part of the damages caused to said Ford automobile as described in plaintiff's petition."

The diagram and description in the police report were as follows (car No. 1 being driven by the plaintiff and car No. 2 by the defendant):

"DESCRIBE WHAT HAPPENED Veh. No. 2 going east on 19th St. N. E. and at Superior Ave. N. E. stop for the stop sign then proceeded into the intersection and collided with Veh No. 1 going south on Superior Ave. N. E. Both drivers stated they stopped and started into the intersection. 19th and Superior is a 4 way stop."

The Municipal Court held that there was no applicable statute and then, in an opinion, stated:

"In attempting to find a solution to the present question,

the court has made a personal survey of other jurists and laymen to try to determine what they believe to be the custom and use of present-day drivers in connection with four-way stop intersections."

From the survey, the court concluded that:

"Ordinarily their thinking, therefore, reverts to the proposition that it is the car which stops first and then proceeds into the intersection that has the right of way, in a more or less courteous and sportsmanlike manner, and should have the right to proceed. While this type of custom and use is difficult to define in exact words, the court feels that this is, nevertheless, the basic custom and usage followed at these intersections even though the law does not specifically spell out who has what right."

From the stipulation, including the police diagram, the Municipal Court then found that plaintiff Dimit had stopped first, then proceeded first and, by custom, gained the right of way which, by custom, the defendant was required to yield to him. Further, the court found that when the defendant did not yield the right of way to plaintiff, but went into the intersection and struck plaintiff's car, he became negligent in failing to yield the right of way and his negligence became the sole and proximate cause of the resulting collision and damage. By the same token the court found that the plaintiff was not guilty of contributory negligence in that his acts followed the ordinary custom and usage which have been adopted by the general public.

Judgment was rendered for the plaintiffs, Paul A. Dimit and Allstate Insurance Company, against the defendant, Jack Angelo, Jr., in the stipulated amount of $178.27, from which judgment the defendant has appealed on questions of law.

Section 4511.41, Revised Code, provides:

"The operator of a vehicle * * * shall yield the right of way at an intersection of two or more roads or highways which cross each other to a vehicle * * * approaching from the right, except as provided in Section 4511.43 of the Revised Code."

Section 4511.43, Revised Code, provides (since there were four-way stop signs erected and neither street was a through highway, the pertinent paragraph of this section is the one pertaining to stop signs which reads):

"The operator of a vehicle * * * shall stop in obedience to a stop sign at an intersection and shall yield the right of way to all other vehicles * * * not obliged to stop, * * * ."

Under that provision of Section 4511.43, Revised Code, the vehicle approaching from the right which would otherwise have the right of way under the provisions of Section 4511.41, Revised Code, *supra,* loses such preferential right of way because it is required to stop, and the vehicle on its left while not given any preferential right of way, is required by such provision of Section 4511.43 to yield a right of way only to all other vehicles not required to stop.

Therefore, because of the exception to the provisions of Section 4511.41 Revised Code, as contained in Section 4511.43 Revised Code, we conclude that at a four-way stop intersection the driver approaching from the right, who is required to stop, does not have the preferential right of way which would otherwise be afforded him. Further, we conclude that, since the statutes of Ohio do not afford to any driver required to stop a preferential right of way, the driver approaching a four-way stop intersection from any direction has a statutory duty to stop, followed by the common-law duty to exercise ordinary care as he proceeds through the intersection.

We assume that the dearth of case law applicable to this situation, where parties from both directions have stopped at a four-way stop, is attributable to the fact that serious accidents have not occurred under such circumstances. The rule of ordinary care may well be adequate and best serve both safety and convenience of all drivers under such circumstances.

From the record, it appears that the Municipal Court ultimately arrived at the proper judgment; therefore, the error which intervened is not prejudicial to the defendant, appellant herein. The judgment is affirmed.

*Judgment affirmed.*

McLaughlin and Van Nostran, JJ., concur.