Zumbo, Appellant, *v.* Ellis.

Argued November 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Lloyd H. Fuge,* for appellant.

*Thomas J. Reinstadtler,* with him *Egler and Reinstadtler,* for appellee.

OPINION BY CERCONE, J., February 27, 1975:

This is an appeal from a compulsory non-suit which was entered at the close of the appellant's case on the basis that the appellant was contributorily negligent as a matter of law.

The appellant was traveling south on Tenth Street which ends in an inverted "T" intersection with St. Clair Avenue. The appellee was traveling east on St. Clair Avenue approaching the Tenth Street intersection. At all three approaches to this intersection there are stop signs. The appellant stopped at his stop sign with the intention of turning left on to St. Clair Avenue. He looked in both directions and, seeing no vehicles approaching, he proceeded to make his turn. When almost into the eastbound lane of St. Clair Avenue he was struck from behind by the appellee. The appellee had neglected to stop for his stop sign. The lower court found the appellant negligent as a matter of law because he failed to look again to his right before he entered the eastbound lane of St. Clair Avenue.

The case of *Helfrich v. Brown,* 213 Pa. Superior Ct. 463, 467-468 (1968), which is relied on by the appellee and the lower court, states:

"Therefore, not only is it his duty to stop and look in both directions before entering an intersection, but it is also his duty as he moves forward and enters the intersection to continue to look and to keep his car under such control that he can stop at any moment

and avoid a collision. *Lehner v. Schellhase,* 341 Pa. 260, 19 A.2d 91 (1941). Here the plaintiff met the requirement that he look both ways before entering the intersection, but he did not perform his duty to continue to look as he passed through the intersection."

The lower court applied the duty set forth in the *Helfrich* case, supra, to the facts of the present case notwithstanding the fact that the *Helfrich* case, supra, was based on a different factual situation, i.e., it concerned the duty of a driver entering an uncontrolled through highway. This case is different in that it deals with an intersection controlled by stop signs. The duty imposed on a driver entering an intersection controlled by stop signs is not the same as the duty imposed on a driver entering an uncontrolled through highway.

The appellant cites several cases which show that the duty set forth in the *Helfrich* case, supra, is not imposed on drivers entering an intersection controlled by a stop light. These cases generally state that a driver has the right, although not an unqualified right, to assume that another will not drive into an intersection through a red light, and that reliance on the light is not negligence. *Ksiazek v. Pelle,* 174 Pa. Superior Ct. 304 (1953) ; *Jordan v. Kennedy,* 180 Pa. Superior Ct. 593 (1956); *Koehler v. Schwartz,* 382 Pa. 352 (1955). An operator of a vehicle at a controlled intersection is not negligent as a matter of law, if absent any warnings to the contrary, he relies on another operator's obligation to observe the traffic controls. Language from the case of *Jones v. Williams,* 358 Pa. 559, 564 (1948), supports this conclusion:

"Jones' only error was his reliance on the belief that the 'Stop Sign' would be heeded. The assumption that another driver will obey the traffic rules cannot be adjudged negligent unless the person making the assumption has timely warning that his confidence in the other's law-abidingness is misplaced."

We therefore hold that the lower court erred in finding the appellant contributorily negligent as a matter of law.

Order of the lower court denying appellant's motion to take off the compulsory non-suit is reversed and appellant is granted a new trial.