Charles McCARTHY, Appellant,

v.

Sarah A. CULLOM, Respondent.

No. 43193.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 16, 1982.

Motion for Rehearing and/or Transfer
Denied May 14, 1982.

Application to Transfer Denied
July 12, 1982.

Dennis Buchheit, Jack C. Harper, St. Louis, for appellant.

Walter D. McQuie, Jr., Montgomery City, for respondent.

CRIST, Judge.

This personal injury action arose when automobiles driven by plaintiff and defendant collided in a two-highway intersection designated a four-way stop. Plaintiff appeals from the judgment entered on a jury verdict for defendant, assigning error to the use of defendant's converse instruction and his right-of-way instruction patterned on MAI No. 14.03. We find no reversible error, and affirm.

First, the converse instruction: Plaintiff alleged multiple acts of negligence and therefore used MAI No. 17.02 as the pattern for his verdict directing instruction. The terms "negligent" and "negligence" in the verdict director were defined in another instruction which was patterned on MAI No. 11.03 and designated Instruction No. 3:

> The term "negligent" or "negligence" as used in these instructions means the failure to use the highest degree of care. The phrase "highest degree of care" means that degree of care that a very careful and prudent person would use under the same or similar circumstances.

Defendant chose to converse the verdict director with a "true" converse instruction, the pattern for which was MAI No. 33.04(4). The pattern instruction is set out below (optional and non-applicable parts of all pattern instructions set out herein are deleted):

> Your verdict must be for defendant ... unless you believe that defendant was *negligent* . . ., and that plaintiff sustained damage as a direct result thereof. [emphasis added]

However, the converse instruction defendant submitted and which the trial court gave an Instruction No. 5 was the following:

> Your verdict must be for defendant unless you believe defendant ·failed to use *the highest degree of care* and the plaintiff sustained damages as a direct result thereof. [emphasis added]

Plaintiff contends Instruction No. 5 improperly deviates from MAI No. 33.04(4), and that in giving it the trial court committed reversible error.

■ Thomas, *Converse Instructions under MAI*, 42 Mo.L.Rev. 175, 178 (1977) states:

> [T]he converse instructions set forth in chapter 33 [of MAI] are not mandatory instructions but should be thought of as examples of the manner in which the appropriate introductory phrase [here, "unless you believe"] can be combined with language of the verdict director being conversed. Once the appropriate introductory phrase has been selected . . . the only form from which to select language for the rest of the converse instruction is the verdict director itself.

Professor Thomas' view is now explicit in the Notes on Use (1980 Revision) to MAI No. 33.04. Consequently, it is of no intrinsic importance that Instruction No. 5 deviated from MAI No. 33.04(4). What *is* important is that in this particular case the use of MAI No. 33.04(4) would have complied with the requirement in MAI No. 33.01 that a converse instruction has substantially the same language used in the verdict director. When the pattern instruction and Instruction No. 5 are juxtaposed, it is clear the latter does not meet that requirement. Therefore, plaintiff correctly contends that Instruction No. 5 should have been refused.

Though Instruction No. 5 was an improper instruction, we are constrained to hold its use was not reversible error. We held in *Demko v. H & H Investment Company*, 527 S.W.2d 382, 385–86 (Mo.App. banc 1975), that when the legal terms used in a verdict director and converse instruction are differ-

ent but defined in identical language, the converse instruction's failure to use the same legal terms as the verdict director is not reversible error. Here, defendant substituted for the term "negligent" in the verdict director that term's definition exactly as it appears in Instruction No. 3 set out earlier. As in *Demko*, we cannot see how the jury could thereby be confused or misled, or "given a roving commission to substitute its own notion of the proper interpretation of a term of law." *Id.* at 385. Under the circumstances, giving Instruction No. 5 was not reversible error.

■ Plaintiff's remaining assignment of error questions the use of the MAI No. 14.03 "yield the right-of-way" definition when automobiles collide in a four-way stop intersection.

The defense was that plaintiff and defendant entered the intersection at approximately the same time, and that plaintiff was contributorily negligent under § 304.-351(2), RSMo. 1978 which requires that "the driver of the vehicle on the left [i.e., plaintiff] shall yield the right-of-way to the driver of the vehicle on the right." Defendant tendered and the trial court gave the corresponding right-of-way definition at MAI No. 14.03, notwithstanding a Notes on Use proviso that the intersectional collision must have occurred where "there are no traffic controls at the intersection." Because obviously there were "traffic controls at the intersection" where plaintiff and defendant collided, plaintiff argues that giving the MAI No. 14.03 right-of-way definition was error.

Defendant's right-of-way contention was properly submitted under MAI No. 14.03. It is implicit in the pattern instruction's Notes on Use proviso just quoted that the traffic controls at the intersection must indicate a preferential right-of-way. No preferential right-of-way is indicated when two highways intersect at what is designated merely a four-way stop. Such an intersection is deemed an uncontrolled intersection for the purpose of determining right-of-way, and ordinary right-of-way rules ap-

ply. See: Annot., 3 A.L.R.3d 108, 284 (1965).

The judgment is affirmed.

REINHARD, P. J., and SNYDER, J., concur.