GARRISON, Judge.
This is an appeal from a district court judgment for plaintiff, a bus passenger injured in an intersectional collision between a NOPSI bus and an automobile driven by defendant Janet Dubuelet and insured by Allstate Insurance Company.
The trial judge found that NOPSI and Janet Dubuelet were each 50 per cent at fault under the comparative negligence statutes, and entered judgment against Allstate and NOPSI in solido in the amount of $3690.86. Allstate has satisfied its portion of the judgment. From that judgment NOPSI appeals.
The undisputed facts are these: Plaintiff, Mildred Ageous, was riding on a NOPSI bus which was travelling down Earhart Boulevard in New Orleans. The bus stopped for the 4-way stop sign at the intersection of Earhart and Monroe Street, and then proceeded into the intersection, where it collided with the Dubuelet vehicle. The disputed fact which is the basis of this appeal is whether or not the Dubuelet vehi- *814 ele stopped at the stop sign on Monroe Street.
On appeal, NOPSI raises the following specifications of error:
1. The trial judge was manifestly erroneous in his factual determinations, and
2. The trial judge erred in his application of law by applying the case of Clements v. Allstate, 383 So.2d 1375 (La.App. 4th Cir.1980).
NOPSI argues that the trial judge was manifestly erroneous in:
1. Prejudging the case before NOPSI had rested its case;
2. Taking an “advocatory position” in the questioning of witnesses;
3. Assessment of the facts;
4. Rejecting the testimony of certain witnesses; and
5. Finding NOPSI liable.
Assignments of error # 2-# 5 are without merit. It is well established law that factual findings and credibility determinations of the trial court are to be given great weight because the trial judge is in a better position to observe the demeanor of witnesses and to evaluate testimony. This court will not disturb the factual determinations of the trial court in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The only assignment of error worth addressing is appellant NOPSI’s argument that the trial judge was predisposed to find both defendants liable and, therefore, prejudged the case before hearing all of NOP-SI’s case, finding joint liability despite overwhelming evidence that the defendant Du-buclet was wholly at fault in causing the accident in which plaintiff was injured. Appellant bases its contention on a statement made by the trial judge in the presence of all parties that he had already decided the issue of NOPSI’s negligence before NOPSI had rested its case.
Although this comment by the trial judge was inappropriate, our standard of review under Arceneaux v. Domingue, supra, does not require that we peer into the workings of the trial judge’s mind, but only that we determine whether his factual conclusions are manifestly erroneous. If they are not clearly wrong or unsupported by the record, his conclusions stand, regardless of his thought processes in reaching those conclusions.
The controlling case in this instance is Wise v. Prescott, 244 La. 157, 151 So.2d 356 (La.1963), which holds that a fare-paying passenger’s failure to reach his destination safely establishes a prima facie case of negligence against the carrier, from which it can exculpate itself only by clear and convincing proof that it was not guilty of even the slightest negligent act.
Therefore, the trial record would have to be completely void of any showing of negligence on NOPSI’s part in order for the trial judge to be found to have been manifestly erroneous in finding NOPSI liable. Appellant NOPSI’s bus driver testified at trial that he was aware of several recent “near misses” at this intersection and that he did not look beyond the cars stopped at the intersection, even though he had a clear view for five or six blocks down the street. Because the Wise decision imposes upon a public carrier the duty to exercise the highest degree of vigilance, care and precaution for the safety of those it undertakes to transport, a finding of negligence on NOPSI’s part is easily supported by the record. Due to the absence of manifest error in this case, we will not disturb the factual findings of the trial court.
NOPSI also alleges that the trial court erred in its application of the law by citing in its oral reasons for judgment the case of Clements v. Allstate, 383 So.2d 1375 (La.App. 4th Cir.) writ refused 385 So.2d 793 (1980). The Clements case dealt with the duty of a motorist at a stop sign. In his oral reasons for judgment, the trial judge stated:
“A motorist approaching a favored street controlled by a stop sign must stop his vehicle before entering the intersection. However, a driver has discharged only *815 part of the duty required of him ... He must not proceed until he has made certain that he can proceed with safety, and he must yield the right-of-way to vehicles on the favored street. ‘A Motorist on favored street has the right to assume that any driver approaching the intersection on a less favored street will yield right-of-way. This right-of-way driver can indulge in this assumption until he sees, or should have seen, the other driver that has not yielded.’ Clements, p. 1377.”
The trial judge found both drivers equally negligent in this case because each had a stop sign and each breached the aforementioned duty. Appellant contends that the Clements case should not be controlling in this case simply because the instant case involved a 4-way stop sign and the Clements case involved a 2-way stop sign. We find no merit in this contention.
The trial court was correct in finding NOPSI and Allstate each fifty (50%) percent negligent in this case. In the alternative, appellee Allstate alleges that NOPSI should have been found wholly at fault for the plaintiff’s injuries. We find this argument equally without merit and it can be disposed of with the same result stated above.
For the reasons discussed above, the judgment of the trial court is affirmed.
AFFIRMED.