GENEVIEVE SALAZAR, APPELLANT, V. AMY NEMEC, APPELLEE.

562 N.W.2d 728

Filed April 8, 1997.    No. A-95-1182.

Scott M. Kirshenbaum, of Law Offices of Ronald J. Palagi, P.C., for appellant.

Eugene L. Hillman and Patricia McCormack, of McCormack, Cooney, Mooney, Hillman & Elder, for appellee.

MILLER-LERMAN, Chief Judge, and IRWIN and INBODY, Judges.

IRWIN, Judge.

## INTRODUCTION

In the district court for Douglas County, Genevieve Salazar brought a negligence action against Amy Nemec arising from an automobile collision at an intersection in Omaha, Nebraska, which was controlled by four-way stop signs. The jury rendered a verdict in favor of Nemec and against Salazar. On appeal, Salazar challenges the district court's refusal to instruct the jury regarding the right-of-way law set forth in Neb. Rev. Stat. § 60-6,146 (Reissue 1993), which generally provides that when two vehicles come to an intersection at approximately the same time, the driver on the right has the right-of-way. For the reasons stated below, we reverse, and remand for a new trial.

## FACTUAL BACKGROUND

On the morning of October 13, 1990, Salazar and Nemec were involved in an automobile collision at the intersection of 32d Avenue and Vinton Street in Omaha, Nebraska. Both streets are two-lane streets with one lane traveling each direction. Thirty-second Avenue lies north and south, while Vinton Street lies east and west. The intersection in question is regulated by four-way stop signs. The speed limit on both streets is 30 m.p.h.

The parties did not contend at the trial level or on appeal that the streets were unpaved. This is of significance because there is a separate rule regarding drivers' duties at an intersection of an unpaved roadway and a paved roadway. See § 60-6,146(3).

Salazar testified that she was traveling southbound on 32d Avenue in her 1984 Ford Escort and that when she approached the intersection, she stopped at her stop sign, looked in all directions, saw no other traffic, and proceeded to enter the intersection. Nemec testified that she was traveling westbound on Vinton Street in her 1969 Chevrolet Camaro, stopped at her stop sign, looked and saw no other traffic approaching the intersection, and proceeded into the intersection. Both drivers were familiar with the intersection. Neither driver saw the other vehicle until the collision occurred.

Salazar's sister, Anna Hayes, was a passenger in Salazar's vehicle. Hayes testified that Salazar stopped at her stop sign, looked "four ways," and proceeded to enter the intersection. Hayes further testified that she saw Nemec's car approaching the intersection and that Nemec did not stop at her stop sign. Salazar testified that prior to the collision, Hayes stated, " 'Genny, you're going to be hit.' " Upon hearing Hayes, Salazar turned her vehicle to the left prior to the collision.

The collision occurred approximately in the middle of the intersection. Salazar's vehicle was struck on the left rear, and Nemec's vehicle was struck on the front end. Both parties were able to drive their cars away from the scene of the collision, and no one involved sought medical attention on the day of the collision.

On April 22, 1992, Salazar filed a petition in the district court for Douglas County alleging that Nemec's negligence had caused the collision and resulting damage to Salazar. Nemec generally denied the allegations of the petition and affirmatively alleged the defense of contributory negligence.

A trial was conducted August 16 and 17, 1995. Salazar, Hayes, and Nemec testified. A jury instruction conference was held. Salazar requested that the district court give the jury the general right-of-way instruction. The court refused, reasoning that this was a four-way intersection controlled by signage. The jury returned a verdict in favor of Nemec and against Salazar.

Thereafter, Salazar's motion for new trial was overruled, and this appeal timely followed.

## ASSIGNMENTS OF ERROR

For her assignments of error, Salazar claims that the district court erred in refusing to give her proposed jury instruction regarding the general right-of-way rule and in overruling her motion for new trial. However, we need not address Salazar's assigned error regarding the overruling of her motion for new trial because she failed to discuss it in her brief to this court. See *Reavis v. Slominski*, 250 Neb. 711, 551 N.W.2d 528 (1996) (holding that appellate court need not address error which is not both assigned and argued).

## STANDARD OF REVIEW

To establish reversible error from a court's failure to give a requested instruction, an appellant has the burden of showing that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the tendered instruction. *McLaughlin v. Hellbusch*, 251 Neb. 389, 557 N.W.2d 657 (1997); *State on behalf of Joseph F. v. Rial*, 251 Neb. 1, 554 N.W.2d 769 (1996).

## ANALYSIS

We address whether the district court erred in refusing to give Salazar's proposed instruction No. 22. Salazar's proposed instruction reads:

> Nebraska statutes provide that when two vehicles come to an intersection at approximately the same time and there is no traffic control device to the contrary, then the vehicle on the right has the right-of-way[.]
>
> Drivers on the right may assume that their right-of-way will be respected by drivers on the left, but they are not relieved of their duty to exercise reasonable care.

Nemec argues that the above instruction was unnecessary under the facts of the case because it should only apply at uncontrolled intersections. According to Nemec, instruction No. 13 adequately stated the law and advised the jury. Instruction No. 13 reads:

Nebraska statutes provide that drivers must stop for stop signs.

1. If there is a clearly marked stop line, they must stop immediately before crossing that line.

2. If there is no clearly marked stop line, they must stop immediately before entering the nearest crosswalk.

3. If there is neither a clearly marked stop line nor a marked or unmarked crosswalk, they must stop at the point that is nearest the intersecting street and provides a view of traffic approaching on the intersecting street.

A driver at a stop sign must yield the right-of-way to cross traffic that has entered the intersection.

Instruction No. 13 generally follows the language used in Neb. Rev. Stat. § 60-6,148 (Reissue 1993). We note that instruction No. 13 does not provide guidance where two vehicles approach the intersection at approximately the same time and both have stop signs.

■ We conclude that Salazar's instruction is a correct statement of the law. It generally follows the language of § 60-6,146(1), which provides: "When two vehicles approach or enter an intersection from different roadways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." We also note that Salazar's proposed instruction is the approved Nebraska Jury Instruction on directional right-of-way. See NJI2d Civ. 7.10.

We must next determine whether Salazar's proposed instruction was warranted by the evidence. The issue before us is whether an instruction regarding the directional right-of-way is warranted in an automobile collision case where the collision occurred at an intersection regulated by four-way stop signs. This issue has not been addressed by the Nebraska Supreme Court or this court.

Some jurisdictions hold that directional right-of-way statutes are applicable at four-way stop intersections. See, *Ageous v. Allstate Ins. Co.*, 442 So. 2d 812 (La. App. 1983); *McCarthy v. Cullom*, 634 S.W.2d 494 (Mo. App. 1982); *Shoniker v. English*, 254 Mich. 76, 235 N.W. 866 (1931). See, also, Annot., 3 A.L.R.3d 180 (1965). These right-of-way jurisdictions generally reason that statutes, such as § 60-6,148, which provide

preferential right-of-way rules based on the placement of traffic controls apply only at intersections where the traffic controls indicate a preferential right-of-way, or favor one driver approaching the intersection over another. See *id*. Because no such preferential right-of-way is indicated at a four-way stop intersection, these jurisdictions conclude that the ordinary right-of-way rules apply at such an intersection. The *McCarthy* court analogized four-way stop intersections to uncontrolled intersections.

Other jurisdictions hold that directional right-of-way statutes are not applicable to four-way stop intersections. See, *Burrow v. Commercial Union Assur. Companies*, 419 So. 2d 479 (La. App. 1982); *Zumbo v. Ellis*, 232 Pa. Super. 566, 334 A.2d 770 (1975); *Elliott v. Hansen*, 164 Mont. 107, 519 P.2d 411 (1974); *Allstate Insurance Co. v. Angelo*, 7 Ohio App. 2d 149, 219 N.E.2d 218 (1966). These jurisdictions generally hold that the general right-of-way statute applies only at uncontrolled intersections. *Burrow, supra*; *Zumbo, supra*. They further hold that the driver on the right with a stop sign loses his or her preferential right-of-way and, after stopping, has the duty to proceed with reasonable care. *Elliott, supra*; *Allstate Insurance Co., supra*. In these jurisdictions, the courts have held that their stop sign statutes, which are similar to § 60-6,148, modify or are an exception to their general right-of-way statutes, which are similar to § 60-6,146. *Id*. We note that none of these jurisdictions provide a rule of conduct to guide drivers where two or more vehicles arrive at a four-way stop at approximately the same time.

█ We are persuaded that the general right-of-way statute, § 60-6,146, applies at four-way stop intersections. Such intersections are more analogous to uncontrolled intersections than to intersections in which one roadway has stop signs and the other roadway does not. In intersections like the latter, one driver is clearly on a favored street and the other has a stop sign when two drivers on crossing streets approach the intersection at approximately the same time. In such a situation, the rules of conduct provided in § 60-6,148 are adequate. At four-way stop intersections, like uncontrolled intersections, when two drivers on crossing streets approach an intersection at approximately the same time, each driver is in a similar situation and neither

party is favored or has the "preferential right-of-way" provided in § 60-6,148. At such a four-way stop intersection, such drivers are essentially in a standoff unless there is a rule of conduct to guide them.

In the case before us, the evidence, depending upon which witness the fact finder found most credible, provides either that Salazar and Nemec arrived at the intersection at the same time or that Salazar entered the intersection before Nemec arrived at the intersection. The fact finder could also have found that both, neither, or only one of the drivers stopped at her stop sign. However, the evidence is uncontroverted that the collision occurred in the center of the intersection. We note that Nebraska jurisprudence provides that when two vehicles collide in the center of an ordinary intersection of highways and there is no evidence of substantial difference in the speed of vehicles, it is generally *self-evident* that they approached the intersection at approximately the same time. See, *Workman v. Stehlik*, 238 Neb. 666, 471 N.W.2d 760 (1991); *Curlile v. Lindner*, 227 Neb. 510, 418 N.W.2d 256 (1988); *Reese v. Mayer*, 198 Neb. 499, 253 N.W.2d 317 (1977).

If the fact finder found that Salazar and Nemec arrived at the intersection at approximately the same time and both stopped at their stop sign, instruction No. 13 provided no guidance to the jury regarding which party had the right to proceed first through the intersection. The right-of-way statute, § 60-6,146, and attending jury instruction address such a situation and provide that the driver on the left should yield the right-of-way to the driver on the right.

Based on the evidence in the case before us and our conclusion that the general right-of-way statute applies at four-way stop intersections, we conclude that Salazar's proposed instruction was warranted by the evidence. We further conclude that Salazar, being the driver on the right, was prejudiced by the district court's failure to give her proposed instruction in this regard. See *McLaughlin v. Hellbusch*, 251 Neb. 389, 557 N.W.2d 657 (1997). Therefore, we reverse, and remand the case for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.