GENEVIEVE SALAZAR, APPELLANT, V. AMY NEMEC, APPELLEE.

570 N.W. 2d 366

Filed November 14, 1997.    No. S-95-1182.

Scott M. Kirshenbaum, of Law Offices of Ronald J. Palagi, P.C., for appellant.

Eugene L. Hillman and Patricia McCormack, of McCormack, Cooney, Hillman & Elder, for appellee.

CAPORALE, WRIGHT, CONNOLLY, GERRARD, and STEPHAN, JJ.

PER CURIAM.

This is an appeal from a decision of the Nebraska Court of Appeals which reversed and remanded for a new trial a judgment of the district court for Douglas County. See *Salazar v. Nemec*, 5 Neb. App. 622, 562 N.W.2d 728 (1997). We reverse the decision of the Court of Appeals and affirm the judgment of the district court.

On October 13, 1990, the parties' automobiles collided at the intersection of 32d Avenue and Vinton Street in Omaha, Nebraska. Both streets are two-lane, two-way streets protected by stop signs at each of four entrances to the intersection. A jury returned a verdict for the defendant-appellee, Amy Nemec. The plaintiff-appellant, Genevieve Salazar, appealed, assigning as error the trial court's refusal to give requested instruction No. 22, which states:

Nebraska statutes provide that when two vehicles come to an intersection at approximately the same time and

there is no traffic control device to the contrary, then the vehicle on the right has the right-of-way[.]

Drivers on the right may assume that their right-of-way will be respected by drivers on the left, but they are not relieved of their duty to exercise reasonable care.

Instead, the trial court gave instruction No. 13, which states:

Nebraska statutes provide that drivers must stop for stop signs.

1. If there is a clearly marked stop line, they must stop immediately before crossing that line.

2. If there is no clearly marked stop line, they must stop immediately before entering the nearest crosswalk.

3. If there is neither a clearly marked stop line nor a marked or unmarked crosswalk, they must stop at the point that is nearest the intersecting street and provides a view of traffic approaching on the intersecting street.

A driver at a stop sign must yield the right-of-way to cross traffic that has entered the intersection.

There was testimony that each of the drivers stopped her car at the intersection, did not see the other driver, proceeded into the intersection, and collided with the other driver's car.

Since the matter involves only a question of law, a reviewing court has an obligation to reach its own conclusion independent of those reached by the lower courts. *Sacco v. Carothers, ante* p. 9, 567 N.W.2d 299 (1997).

Neb. Rev. Stat. § 60-6,148(2) (Reissue 1993) provides that

[e]xcept when directed to proceed by a peace officer or traffic control signal, every driver of a vehicle approaching an intersection where a stop is indicated by a stop sign shall stop at a clearly marked stop line or shall stop, if there is no such line, before entering the crosswalk on the near side of the intersection or, if no crosswalk is indicated, at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, such driver shall yield the right-of-way to any vehicle which has entered the intersection from another highway or which is approaching so closely on such highway as to constitute an immediate hazard if such driver moved across or into such intersection.

Instruction No. 13, as given, correctly reflects the rule set forth in § 60-6,148. On the other hand, requested instruction No. 22 reflects Neb. Rev. Stat. § 60-6,146 (Reissue 1993), which clearly applies on its face to noncontrolled intersections.

Moreover, Neb. Rev. Stat. § 60-6,150 (Reissue 1993) provides that "[n]o person shall move a vehicle which is stopped, standing, or parked without yielding the right-of-way to all other vehicles and pedestrians affected by such movement and in no event until such movement can be made with reasonable safety." Several courts have held that at four-way stop signs, no driver has a preferred or favored status, and all have a duty to stop followed by a duty to use ordinary care as they proceed through the intersection. *Zumbo v. Ellis*, 232 Pa. Super. 566, 334 A.2d 770 (1975); *Elliott v. Hansen*, 164 Mont. 107, 519 P.2d 411 (1974); *Allstate Insurance Co. v. Angelo*, 7 Ohio App. 2d 149, 219 N.E.2d 218 (1966).

The instruction given by the trial court was a correct statement of the law. The judgment of the Court of Appeals is reversed, the decision of the trial court is reinstated, and the trial court's judgment is affirmed.

REVERSED.

WHITE, C.J., participating on briefs.
McCORMACK, J., not participating.

CAPORALE, J., dissenting.

I respectfully dissent and suggest that what other courts have decided under different statutory schemes does little to guide us in resolving the issue before us.

The evidence is such that a fact finder could reasonably conclude that the plaintiff-appellant, Genevieve Salazar, approached the intersection from the southbound lane of traffic at approximately the same time the defendant-appellee, Amy Nemec, approached the same intersection from the westbound lane of traffic. The evidence is also such that a finder of fact could reasonably conclude that each driver brought her vehicle to a halt in response to the signs commanding both the southbound and westbound traffic to stop and that each driver entered the intersection at approximately the same time.

Neb. Rev. Stat. § 60-6,146 (Reissue 1993), noted by the majority, provides that unless modified by other rules of the

road, when "two vehicles approach or enter an intersection from different roadways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." Neb. Rev. Stat. § 60-6,148 (Reissue 1993) requires a driver approaching an intersection controlled by a stop sign to stop and, having stopped, to "yield the right-of-way to any vehicle which has entered the intersection from another highway or which is approaching so closely on such highway as to constitute an immediate hazard if such driver moved across or into such intersection." Neb. Rev. Stat. § 60-6,150 (Reissue 1993) requires one who has stopped to yield the right-of-way to others and not move until such can be done with reasonable safety.

Contrary to the majority's proclamation, nothing in the language of § 60-6,146 suggests that the preference given the driver on the right does not apply to vehicles which have stopped in response to stop signs and then enter an intersection at approximately the same time. Neither does the language of § 60-6,146 declare that the same preference does not apply to vehicles traveling on different roadways which approach, at approximately the same time, an intersection controlled both ways by stop signs. Moreover, neither the language of § 60-6,148 nor the language of § 60-6,150 modifies the right-of-way granted by § 60-6,146.

We must remember that statutes relating to the same subject matter are to be construed so as to maintain a sensible and consistent scheme, *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997), and so as to achieve the purpose of the statutes, *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996). It seems to me the construction adopted by the majority is not sensible and does not achieve the purpose of the statutes which define the rules of the road, which is to provide for the orderly movement of traffic with the least possible risk; rather, it encourages those stopping at intersections controlled by multiple stop signs to race in order to become the first into the intersection. Section 60-6,146 provides a directional right-of-way in order to do away with any incentive to race into an intersection. The majority ill-advisedly reverses the statutory and widely recognized principle that as between two vehicles

approaching or entering an intersection at approximately the same time, the vehicle on the right has the right-of-way.

Inasmuch as the point of the collision permits an inference that the Salazar and Nemec vehicles entered the intersection at approximately the same time, the failure of the district court to instruct on the right-of-way granted the vehicle on the right by § 60-6,146 prejudiced Salazar.

I would therefore affirm the judgment of the Court of Appeals.