[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} This cause arises out of a personal-injury action filed by plaintiff-appellant Joseph Bohlen against defendant-appellee David Dungan for negligent operation of vehicle, and negligence per se. Plaintiff Carole Bohlen filed a loss-of-consortium claim, but she has not appealed from the trial court's dismissal of her claim. According to Joseph Bohlen, he was injured on his bicycle after Dungan's car hit him at an intersection. Dungan filed a motion for summary judgment, arguing that Bohlen's own negligence was the sole proximate cause of his accident. Dungan maintained that Bohlen's admitted failure to obey a stop sign forfeited his right-of-way, and that Bohlen's own negligence caused the accident. The trial court awarded summary judgment in favor of Dungan. Bohlen now appeals, arguing that the trial court erred in granting summary judgment because genuine issues of material fact remain to be litigated.
{¶ 3} Pursuant to Civ.R. 56, summary judgment is appropriate when, with the evidence viewed in the light most favorable to the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.[1] The moving party bears the initial burden of pointing out in the record where it is shown that no genuine issue of material fact remains.[2] Once the moving party satisfies its burden, the nonmoving party has the reciprocal burden of setting forth specific facts demonstrating that a genuine issue exists to be litigated.[3] Our review of the entry of summary judgment is de novo.[4]
{¶ 4} Bohlen does not contest his own negligence in operating his bicycle, but rather argues that summary judgment was improperly granted because there were genuine issues of material fact surrounding Dungan's own contributory negligence. In particular, Bohlen points to the fact that Dungan violated a duty to use a directional signal when turning into the path of an oncoming car, a duty of ordinary care to proceed through the intersection, and a duty to yield to another car. Bohlen essentially argues that, had both parties done nothing wrong, the collision would not have occurred.
{¶ 5} Bohlen argued below and asserts again on appeal that he had the right-of-way to proceed through the intersection because he was the first to reach the intersection. But we note that Bohlen also attempts to argue that this is not a "right-of-way" case because there is no preferential right-of-way at a four-way stop sign. Pursuant to R.C.4511.43(A), every driver of a vehicle approaching a stop sign must stop, and after stopping, the driver must yield the right-of-way to any car in the intersection. This statute is made applicable to bicyclists under R.C. 4511.52. Accordingly, we hold that the principles of "right-of-way" are applicable in this case.[5]
{¶ 6} R.C. 4511.01(UU) provides that an individual may proceed uninterruptedly in the direction he is lawfully moving. But, such a right is not absolute. An individual not proceeding through an intersection in a lawful manner loses the right-of-way.[6]
{¶ 7} While there are discrepancies in the record concerning who had entered the intersection first and whether Dungan had employed his directional signal before proceeding left across the intersection, it is uncontested that Bohlen violated R.C. 4511.52 by failing to stop at a stop sign. Under the circumstances, by acting in an unlawful manner, Bohlen forfeited any right-of-way he may have had if he had been the first to enter the intersection. Thus, even when viewing the evidence in the light most favorable to Bohlen, we must conclude that Bohlen forfeited his right-of-way at the intersection because he failed to stop at the stop sign. Accordingly, we hold that the trial court did not err in granting summary judgment to Dungan on the claims of negligence.
{¶ 8} Therefore, the judgment of the trial court is affirmed.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
[1] See Temple v. Wean United (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
[2] See Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107,662 N.E.2d 264.
[3] See id. See, also, Civ.R. 56(E); Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, 674 N.E.2d 1164.
[4] See Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241.
[5] But, see, Allstate Ins. Co. v. Angelo (1966), 7 Ohio App.2d 149,219 N.E.2d 218.
[6] See Morris v. Bloomgren (1933), 127 Ohio St. 147, 187 N.E.2d 2, paragraph three of the syllabus; Almanza v. Kihlhorse (1992),85 Ohio App.3d 135, 619 N.E.2d 442; Lane v. Marion (2001), 3d District No. 9-2000-104; Earles v. Smith (2000), 4th District No. 99CA28.